PRO GOLF MANUFACTURING,
INCORPORATED,
Appellant,

v.

TRIBUNE REVIEW NEWSPAPER
COMPANY, t/d/b/a The Herald,
Appellee.

Superior Court of Pennsylvania.

Argued June 13, 2000.
Filed Sept. 12, 2000.
Reargument Denied Nov. 20, 2000.

Roger W. Foley, Pittsburgh, for appellant.

David A. Strassburger, Pittsburgh, for appellee.

Before POPOVICH, FORD ELLIOTT and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the judgment entered on December 16, 1999, in the Court of Common Pleas of Allegheny County. Appellant commenced suit on August 6, 1999, setting forth a single cause of action for commercial disparagement based upon the falsity of newspaper articles published by appellee on September 23, 1997 and February 18, 1998. Appellant is in the business of manufacturing golf equipment, repairing golf equipment and providing golf instruction. Appellee published newspaper articles which stated that several historic buildings, including the building in which appellant's business is located, were being demolished. However, the building in which appellant's business is located was never scheduled for demolition. Appellant alleged that these publications resulted in a loss of customers and pecuniary loss.

¶ 2 Appellee filed an answer and new matter stating that appellant's claim was barred by the one-year statute of limitations for defamation actions (42 Pa.C.S.A. § 5523). Thereafter, appellee filed a motion for judgment on the pleadings. Argument on appellee's motion was conducted, and the parties submitted briefs. Appellee's motion was granted, and appellant filed a timely notice of appeal. Upon review, we reverse and remand for trial.

¶ 3 Herein, appellant asks the following question:

Is [appellant's] cause of action of commercial disparagement subject to the

one year statute of limitation as set forth in 42 Pa.C.S.A. § 5523?

Appellant's brief, at 3.

¶ 4 Our standard and scope of review in matters involving the grant or denial of judgment on the pleadings is as follows:

[Appellate review of an order granting a motion for judgment on the pleadings] is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*Lewis v. Erie Ins. Exchange,* 753 A.2d 839, 842, 2000 Pa.Super. Lexis 721, *6–7 (2000)(quoting *Kafando v. State Farm Mut. Auto. Ins. Co.,* 704 A.2d 675, 676 (Pa.Super.1998) (citations omitted)). "The reviewing court is to determine if the trial court's action respecting the motion for judgment on the pleadings 'was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.'" *Id.* (quoting *Kelly v. Nationwide Ins. Co.,* 414 Pa.Super. 6, 606 A.2d 470, 471 (1992)). Herein, there were no factual issues disclosed by the pleadings that should properly go to the jury. Therefore, our review is to determine whether the trial court committed a clear error of law.

¶ 5 The argument before this court concerns the statute of limitations applicable to appellant's cause of action. Appellant argues that the two-year statute of limitations set forth in 42 Pa.C.S.A § 5524(7),[1] which controls actions for both the intentional and negligent injury to persons and property, governs his cause of action for commercial disparagement. Appellee argues that the one-year statute of limitation for defamation actions set forth in 42 Pa.C.S.A § 5523(1)[2] governs appellant's cause of action. As claimed by the parties and confirmed by our research, this question has yet to be answered by the appellate courts of this Commonwealth.

¶ 6 Although we shall use the term "commercial disparagement" in our analysis, this cause of action is described by various terms. As noted by the Superior Court of New Jersey,

... Sometimes it is called slander of title, sometimes slander of goods, or disparagement of goods, or trade libel, or unfair competition, or interference with prospective advantage, or whatever else the fancy of the particular Judge or writer may lead to select....

*Vaccaro Construction Co. v. A.J. DePace, Inc.,* 137 N.J.Super. 512, 349 A.2d 570, 572 (1975) (citation omitted). The *Restatement (Second) of Torts* § 623A labels this tort as "injurious falsehood." Regardless of the label, the publication of a disparaging statement concerning the business of another is actionable where: (1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the

---

1. 42 Pa.C.S.A. 5524(7) requires that the following be commenced within two years: "Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, in-

cluding deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter."

2. 42 Pa.C.S.A. 5523(1) requires that an action arising in libel, slander or invasion of privacy commence within one year.

statement is false or acts in reckless disregard of its truth or falsity. *Restatement (Second) of Torts* § 623(A) (1977).

◼ ¶ 7 While an action for commercial disparagement resembles an action for defamation, the two torts have "several important differences." *Menefee v. Columbia Broadcasting System, Inc.*, 458 Pa. 46, 52, 329 A.2d 216, 219 (1974). The difference that we find most significant is the distinct interests protected by the two torts. The tort of defamation protects against damage to one's reputation. As recognized by the Pennsylvania Supreme Court,

> The most important function of an action for defamation is to give the innocent and injured plaintiff a public vindication of his good name. Its primary purpose is to restore his unjustly tarnished reputation and 'reputation is the estimation in which one's character is held by his neighbors or associates.' *Restatement, Torts* § 577, comment b (1938).

*Graham v. Today's Spirit*, 503 Pa. 52, 57, 468 A.2d 454, 457 (1983)(quoting *Gaetano v. Sharon Herald Co.*, 426 Pa. 179, 183, 231 A.2d 753, 755 (1967)). In contrast, the tort of commercial disparagement protects one's economic interests against pecuniary loss. *See Restatement (Second) of Torts* § 623(A), comment g (1977). For this reason, a cause of action for commercial disparagement requires the showing of actual pecuniary loss. Although a cause of action for defamation must also show harm, the type of harm associated with a defamation action encompasses impairment of reputation and standing in the community, personal humiliation, mental anguish or suffering. *See Agriss v. Roadway Exp., Inc.*, 334 Pa.Super. 295, 483 A.2d 456, 467 (1984)(quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974)). In sum, defamation and commercial disparagement are two distinct torts. *See Zerpol Corp. v. DMP Corp.*, 561 F.Supp. 404, 408 (E.D.Pa.1983).

¶ 8 Despite the fact that commercial disparagement and defamation are two distinct torts that protect different interests, overlap between the two torts often occurs. The following excerpt from the *Restatement (Second) of Torts* § 623(A) recognizes this overlap yet further distinguishes commercial disparagement from defamation:

> Although the torts of defamation and injurious falsehood protect different interests, they may overlap in some fact situations. This happens particularly in cases of disparagement of the plaintiff's business or product. If the statement reflects merely upon the quality of what the plaintiff has to sell or solely on the character of his business, then it is injurious falsehood alone. Although it might be possible to imply some accusation of personal incompetence or inefficiency in nearly every imputation directed against a business or a product, the courts have insisted that something more direct than this is required for defamation. On the other hand, if the imputation fairly implied is that the plaintiff is dishonest or lacking in integrity or that he is perpetrating a fraud upon the public by selling something that he knows to be defective, the personal defamation may be found. In this case, it is common to sue in defamation because the damages are more comprehensive. Action may be brought in the same suit for both torts, however, so long as the damages are not duplicated.

*Restatement (Second) of Torts* § 623(A), comment g (1977).

¶ 9 Given that the torts of commercial disparagement and defamation protect different interests and require different burdens of proof, we find that these two torts should not be governed by the same statute of limitations. In making our decision, we are aware that there are cases from other jurisdictions that apply the one-year statute of limitations governing defamation to commercial disparagement. *See Buehrer v. Provident Mut. Life Ins. Co.*, 123 Ohio St. 264, 175 N.E. 25 (1931)(holding that the one-year statute of limitations for

libel and slander and not the four-year statute of limitations for injury to property or for trespass upon real property was applicable); *Woodard v. Pacific Fruit & Produce Co.*, 165 Or. 250, 106 P.2d 1043 (1940)(applying one-year statute of limitations for libel and slander, and finding no reason existed for distinguishing, in the statute of limitations, between actions for libel and slander involving property or involving persons); *Norton v. Kanouff*, 165 Neb. 435, 86 N.W.2d 72 (1957); *Old Plantation Corp. v. Maule Industries, Inc.*, 68 So.2d 180 (Fla.1953). However, we find that the better approach, and one shared by other jurisdictions, is the application of a statute of limitations that is longer than the statute which governs defamation actions. *See Guess, Inc. v. Jeff Hamilton, Inc.*, 176 Cal.App.3d 473, 222 Cal.Rptr. 79 (1986)(recognizing the distinction between classic defamation and commercial disparagement, the court applied the two-year statute of limitations rather than the one-year statute governing defamation actions); *Kollenberg v. Ramirez*, 127 Mich. App. 345, 339 N.W.2d 176 (1983); *Selby v. Taylor*, 57 N.C.App. 119, 290 S.E.2d 767 (1982); *Vaccaro Construction Co. v. A.J. DePace, Inc.*, 137 N.J.Super. 512, 349 A.2d 570 (1975).

¶ 10 We hold that the two-year statute of limitations found in 42 Pa.C.S.A. § 5524(7) governs the tort of commercial disparagement. Since the tort of commercial disparagement protects one's business or other economic interest from pecuniary harm, we find that the following text of 42 Pa.C.S.A. § 5524(7) accurately reflects the real nature of this cause of action: "[a]ny other action or proceeding to recover damages for injury to ... property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass...." In contrast, the one-year statute of limitations found in 42 Pa.C.S.A. § 5523(1) solely governs torts that involve damage to reputation.

¶ 11 Not only do we find that the plain language of 42 Pa.C.S.A. § 5524(7) warrants its application to commercial disparagement, but also we find the policy underlying 42 Pa.C.S.A. § 5523(1) inapplicable to commercial disparagement. "In enacting a one year statute of limitation in 12 P.S. § 31, and then reenacting it in the Judicial Code in 1978, 42 Pa.C.S.A. § 5523(1), the legislature has clearly expressed a public policy that the statute of limitations for defamation should remain shorter than the limitation of action for other torts." *Evans v. Philadelphia Newspapers, Inc.*, 411 Pa.Super. 244, 601 A.2d 330, 333 (1991). "It is therefore clear that a longstanding policy exists in Pennsylvania to allow defendants in defamation cases an opportunity to make a prompt investigation of claims made against them while the evidence is still fresh in the minds of prospective witnesses." *Id.* While we respect the policy underlying the one-year statute of limitations governing defamation, we find this policy consideration subordinate to the distinct burden of proof required of a claim for commercial disparagement.

■ ¶ 12 As stated previously, the tort of commercial disparagement seeks to protect an individual's economic interests by redressing pecuniary harm. Accordingly, a cause of action for disparagement requires a showing of *actual* pecuniary loss. Unlike the harm associated with defamation, a showing of actual pecuniary loss may not be calculable within one year. Thus, while a plaintiff may know of the potential harm associated with the disparaging statement immediately after publication, he or she may be unable to demonstrate the existence or full extent of the pecuniary loss caused by the disparagement until well after publication. As is well established, "a statute of limitations begins to run as soon as the right to institute suit arises." *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1042 (Pa.Super.1999). However, "[a] plaintiff need not know the precise extent of her injuries before the statutory period begins to run."

*Sterling v. St. Michael's School For Boys*, 442 Pa.Super. 437, 660 A.2d 64, 66 (1995) (citation omitted). Therefore, given the nature of the damages claimed in a commercial disparagement action coupled with the fact that the uncertainty of damages will not toll the statute, plaintiffs often may be unable to bring forth such a claim under a one-year statute of limitations.

¶ 13 Although we have determined that the two-year statute of limitations governs the tort of commercial disparagement, the recurring dilemma in this area remains whether the false publication gives rise to a cause of action for defamation, commercial disparagement or both. In providing a solution to this problem, we find persuasive the reasoning of *Evans v. Philadelphia Newspapers, Inc., supra.* The *Evans* case required this court to determine whether a tortious interference with contract claim, which was based upon a duplicative defamation claim, was barred by the one-year statute of limitations applicable to defamation claims. Despite recognizing the fact that the tort of contractual interference may be a separate and distinct action from that of libel or slander, we found that one-year statute of limitations applicable to the appellants' contractual interference claim. *Evans*, 601 A.2d at 334–335. In reaching this conclusion, we engaged in the following reasoning:

> In a situation such as this, however, where the underlying wrong which the complaint alleges is defamation by publication of a libelous report, and the claim of injury set out in each count springs from the act of publication, the Appellants should not be able to circumvent the statute of limitations by merely terming the claim tortious interference when in essence it is one of defamation, subject to a one year limitation of action. *In such a situation, we will look to the gravamen of the action, not to the label applied to it by plaintiffs.*

*Id.*, 601 A.2d at 333 (emphasis added).

■ ¶ 14 When faced with the question of whether a false publication gives rise to an action for defamation, commercial disparagement or both, we agree with *Evans, supra*, that the proper analysis should focus upon the gravamen of the action and not the label applied to it by the plaintiff.

■ ¶ 15 In reaching this conclusion, we are also persuaded by the Michigan case of *Kollenberg v. Ramirez, supra*, wherein the Michigan court chose to resolve this recurring issue by looking to the form of damages sought by the plaintiff as well as the elements of the action alleged. *Kollenberg*, 339 N.W.2d at 179–180. Thus, this analysis would concentrate on the complained of publication as well as the elements and damages alleged. "If the main complaint is a false charge of personal misconduct and the damages alleged and proved are primarily personal and general, then the claim must be regarded as one for libel or slander, even though incidental or consequential business or property losses are also pleaded and proved; on the other hand, if the main complaint is a false statement directly injurious to a business or property interest, and the damages alleged and proved are limited to business or property losses established with the specificity required for those sorts of damages, then the claim may properly be considered as one for business or property disparagement, even though aspects of personal defamation may incidentally be involved." 50 Am. Jur.2d *Libel and Slander* § 422 (1999). Accordingly, the resolution of this dilemma, which in turn will decide the applicable statute of limitations, must be determined on a case-by-case basis.

■ ¶ 16 In the case *sub judice*, the false publication stated that appellant's building was among several historical buildings scheduled for demolition. Such language was merely false and in no way impugned or questioned the reputation of appellant, appellant's products or appellant's services. In addition, appellant's complaint avers nothing other than the suffering of pecuniary loss "in that the

business has lost customers who have read or heard of the false statements and has been deprived of income which it otherwise would have earned." Appellant's Complaint, ¶ 11. Clearly, the gravamen of appellant's cause of action is commercial disparagement rather than defamation. Since we have determined that the tort of commercial disparagement is subject to the two-year statute of limitations found in 42 Pa.C.S.A. § 5524(7), we find that the trial court erred by granting appellee's motion for judgment on the pleadings.

¶ 17 For the foregoing reasons, we reverse the judgment of the trial court and remand for trial consistent with the findings of this court.

¶ 18 Reversed and remanded. Jurisdiction relinquished.