809 A.2d 243

**PRO GOLF MANUFACTURING, INCORPORATED, Appellee**

v.

**TRIBUNE REVIEW NEWSPAPER COMPANY,**
**t/d/b/a the Herald, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 2001.

Decided Oct. 22, 2002.

David Alan Strassburger, H. Yale Gutnick, Pittsburgh, for appellant, Tribune Review Newspaper Co. t/d/b/a the Herald.

Ann Ciampoli, New Castle, for appellee, Pro Golf Mfg. Inc.

Before: FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

CHIEF JUSTICE ZAPPALA.

This appeal presents an issue of first impression: whether an action for commercial disparagement is governed by the one-year statute of limitations set forth in 42 Pa.C.S. § 5523(1),[1] or the two-year statute of limitations set forth in 42 Pa.C.S. § 5524(7).[2] The Superior Court determined that the two-year limitations period found in Section 5524(7) applied. For the reasons that follow, we reverse and hold that the one-year limitations period found in Section 5523(1) governs an action for commercial disparagement.

Appellee, Pro Golf Manufacturing, Incorporated, is in the business of manufacturing golf equipment, repairing golf equipment and providing golf instruction. Appellant, Tribune Review Newspaper Company, published a newspaper article on September 27, 1997, stating that several historic buildings, including the building containing Appellee's business, were set for demolition. On February 18, 1998, Appellant published another newspaper article, stating that the building containing Appellee's business had been demolished. However, the building containing Appellee's business had neither been scheduled for demolition, nor had it been demolished.

1. 42 Pa.C.S. § 5523(1) requires that the following actions or proceedings be commenced within one year: "An action for libel, slander or invasion of privacy."

2. 42 Pa.C.S. § 5524(7) requires that the following actions or proceedings be commenced within two years:

Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

On August 16, 1999, Appellee filed a complaint in the Court of Common Pleas of Allegheny County setting forth a single cause of action for commercial disparagement, alleging that these false publications caused a pecuniary loss and a loss of customers. Appellant filed an answer, new matter and motion for judgment on the pleadings, contending that Appellee's claim was barred by the one-year statute of limitations for defamation actions set forth in Section 5523(1).

Following a hearing and the submission of briefs, the trial court granted Appellant's motion for judgment on the pleadings, concluding that Appellee was complaining of an action for "injurious falsehood" and that the one-year statute of limitations applied. The trial court reasoned that since Appellee's cause of action stemmed from an act of publication, Section 5523(1) controlled.

The Superior Court reversed, offering two reasons why Section 5523(1) did not control. First, the Superior Court characterized Section 5523(1) as solely governing the tort of defamation, which protects against damage to one's reputation, as opposed to the tort of commercial disparagement,[3] which protects one's economic interests against pecuniary loss. Since Appellee's claim did not require proof of injury to reputation, the Superior Court found Section 5523(1) inapplicable by its plain language. Second, because a commercial disparagement plaintiff must prove special damages, the Superior Court concluded that the one-year statute of limitations found in Section 5523(1) was inappropriate because "[u]nlike the harm associated with defamation, a showing of actual pecuniary loss may not be calculable within one year." *Pro Golf Mfg., Inc., v. Tribune Review Newspaper Co.*, 761 A.2d 553, 557 (Pa.Super.2000). The Superior Court denied Appellant's subsequent Application for Reargument by order dated November 20, 2000.

■ Our review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether

---

**3.** While the trial court described the action here at issue as "injurious falsehood," the Superior Court described the action as "commercial disparagement," the term used by Appellee in its complaint.

the trial court committed an error of law or whether there were facts presented that warranted a jury trial. *Travelers Casualty & Sur. Co. v. Castegnaro*, 565 Pa. 246, 772 A.2d 456 (2001).

 In its complaint, Appellee titled the cause of action here at issue as one for commercial disparagement. As stated by the Superior Court below:

Although we shall use the term "commercial disparagement" in our analysis, this cause of action is described in various terms. As noted by the Superior Court of New Jersey,

... Sometimes it is called slander of title, sometimes slander of goods, or disparagement of goods, or trade libel, or unfair competition, or interference with prospective advantage, or whatever else the fancy of the particular Judge or writer may lead to select. . . .

*Vaccaro Construction Co. v. A.J. DePace, Inc.*, 137 N.J.Super. 512, 349 A.2d 570, 572 (1975) (citation omitted). The RESTATEMENT (SECOND) OF TORTS § 623A labels this tort as "injurious falsehood." Regardless of the label, the publication of a disparaging statement concerning the business of another is actionable where: (1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity. RESTATEMENT (SECOND) OF TORTS § 623(A) (1977). *Pro Golf*, 761 A.2d at 555–56.

 Appellant argues that the tort of commercial disparagement has historically been called libel or slander, in one form or another, by the courts of this Commonwealth. Appellant therefore reasons that, under the plain language of Section 5523(1), the one-year statute of limitations applies. We agree.

 As the Superior Court has previously observed:

Disparagement of title, variously labeled slander of title, defamation of title, or in other contexts, slander of goods, trade libel or injurious falsehood, is the false and malicious representation of the title or quality of another's interest in goods or property. *See Young v. Geiske,* 209 Pa. 515, 58 A. 887 (1904); *Paull v. Halferty,* 63 Pa. 46, 3 Am.Rep. 518 (1870).

*Triester v. 191 Tenants Ass'n,* 272 Pa.Super. 271, 415 A.2d 698, 701 (1979).

The mere fact that Appellee labeled this action as one for commercial disparagement does not remove the cause of action from the one-year statute of limitations applicable to slander. Section 5523(1) is not limited to slander against the person only; nor would there be any legislative purpose in making such a distinction. We therefore hold that the statute of limitations for slander is the same whether the slander involves property or the person. In both instances, the one-year statute of limitations found in Section 5523(1) applies. Accordingly, Section 5523(1) controls actions for commercial disparagement.

■ The Superior Court reasoned that because the torts of defamation and commercial disparagement protect different interests and require different burdens of proof, the same statute of limitations should not govern. The Superior Court posited that protection against damage to one's reputation was the interest Section 5523(1) protected against. However, this contention is belied by the fact that Section 5523(1), by its very terms, applies to an action for "libel, slander or invasion of privacy." Appellant asserts that Section 5523(1) does not solely govern torts that require proof of damage to reputation because invasion of privacy is not a tort designed to protect reputation:

[The tort of invasion of privacy] primarily protects a plaintiff's interest in keeping private matters from public view. "[A]ll libel cases concern public exposure by false matter, but the primary harm compensated is damage to reputation. In the 'right of privacy' cases the primary damage is the

mental distress from having been exposed to public view, although injury to reputation may be an element bearing upon such damage." *Time, Inc. v. Hill,* 385 U.S. 374, 387 n. 9, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967), *citing* Wade, *Defamation and the Right of Privacy,* 15 Vand. L.Rev. 1093, 1094, 1124 (1962).

Brief for Appellant at 19. Appellant is correct. To state a cause of action for the tort of invasion of privacy in Pennsylvania, a plaintiff must aver that there was an intentional intrusion on the seclusion of their private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities. *McGuire v. Shubert,* 722 A.2d 1087 (Pa.Super.1998); *see also Aquino v. Bulletin Co.,* 190 Pa.Super. 528, 154 A.2d 422 (1959). The Superior Court's distinction based upon the interest to be protected is without merit.

▪ Likewise, the Superior Court's distinction based upon the burden of proof, i.e., the element of special damages, is without merit. Reasoning that a disparagement plaintiff must prove special damages, the Superior Court determined the two-year statute of limitations found in Section 5524(7) appropriate because a disparagement plaintiff "may be unable to demonstrate the existence or full extent of the pecuniary loss caused by the disparagement until well after publication." *Pro Golf,* 761 A.2d at 557. As pointed out by Appellant, however, a plaintiff alleging slander must also prove special damages unless the statement is slander "per se." *See Agriss v. Roadway Express, Inc.,* 334 Pa.Super. 295, 483 A.2d 456, 470 (1984).

The Order of the Superior Court is reversed, and the Order of the trial court, granting Appellant's motion on the pleadings, is reinstated.

Former Chief Justice FLAHERTY did not participate in the decision in this case.