## Reunion Industries Inc. v. Doe 1

C.P. of Allegheny County, no. GD06-007965.

*Stephen J. Del Sole* and *Bryan C. Devine,* for plaintiff.

*Joseph J. Schwerha IV,* for defendant Doe 1.

WETTICK, *A.J.,* March 5, 2007—Plaintiff, a publicly traded corporation, has filed a complaint raising a cause of action for commercial disparagement against three Does, based on messages posted over the Internet on the Yahoo! Financial Bulletin Board. Plaintiff seeks a court order compelling AOL to identify Doe 1.[1] Through a motion seeking a protective order, Doe 1 seeks a court order barring AOL from releasing this information on the ground that Doe 1's identity is protected from disclosure by the First Amendment of the Federal Constitution. This motion is the subject of this opinion and order of court.

In 2000, I considered a discovery request to obtain the name of an anonymous defendant who published allegedly defamatory statements on an Internet website in *Melvin v. Doe,* 149 Pitts. L.J. 12, 49 D.&C.4th 449 (2000). In the *Melvin* litigation, an unknown person published statements on a website which accused Judge Melvin of engaging in political activity that was inappropriate for a judge. She brought a defamation claim against the unknown speaker and sought to obtain the speaker's identity through discovery. The defendant obtained counsel

---

1. Yahoo! Inc. identified AOL as being the Internet provider for Doe 1.

who sought a protective order that would prevent this discovery. While I rejected the defendant's contention that the First Amendment absolutely protects anonymous speech, I ruled that the defendant was protected by a qualified privilege rooted in the First Amendment against compelled disclosure of anonymous sources in civil lawsuits and that a summary judgment standard would appropriately balance the right of one party to speak anonymously against the right of another party to protect his or her reputation.

I then gave the plaintiff the opportunity to establish a prima facie case. She produced credible evidence that would support a finding that the statement was made, the statement was false, the statement was defamatory, and she sustained actual harm. Consequently, I entered a court order permitting the plaintiff to discover the identity of John Doe.

The defendant filed an appeal to the Superior Court in which he contended that findings of impairment of reputation and standing in the community, personal humiliation, mental anguish, and suffering are an insufficient basis for compelling disclosure; he contended that I should have protected his anonymity unless the plaintiff could establish out-of-pocket monetary losses or medical treatment.

The Pennsylvania Superior Court ruled that my order denying the motion for a protective order is not a collateral order subject to immediate appeal. 789 A.2d 696 (Pa. Super. 2001). The Pennsylvania Supreme Court rejected the Superior Court's ruling and remanded the case to the Superior Court to consider the defendant's constitutional question, namely whether the First Amendment

requires a public official defamation plaintiff to establish a prima facie case of actual economic harm prior to obtaining discovery of an anonymous defamation defendant's identity. 575 Pa. 264, 836 A.2d 42 (2003). The appeal was withdrawn prior to any ruling by the Superior Court.

In the present case, plaintiff contends that my use of a summary judgment standard to protect anonymous speech should be limited to criticism of public officials. However, it cites no cases supporting this position that case law governing anonymous speech differentiates between criticism of public officials and other types of speech such as commercial disparagement. Also, I am not aware of any line of cases holding that commercial disparagement is less valuable speech or that it is not of equal First Amendment importance. Plaintiff has not offered and I am not aware of any justification for giving less protection, than a summary judgment standard, to anonymous speech involving information that may affect the value of a publicly traded company.

At the time I made my rulings in *Melvin v. Doe,* the parties did not cite, and I was not aware of, any reported cases that had addressed the issue of whether the First Amendment protects the anonymity of persons who anonymously publish an allegedly defamatory statement on an Internet website. Following my ruling, two appellate court cases have addressed the same issue and have ruled that a plaintiff who cannot produce evidence supporting a prima facie case may not learn the identity of a Doe defendant.[2]

---

2. I am not aware of any other appellate court case law addressing this issue.

In *Dendrite International Inc. v. John Doe No. 3,* 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001), the corporation commenced a lawsuit against several John Does based on allegedly defamatory comments posted on an Internet message board. Through discovery, the plaintiff sought to compel the Internet service provider to disclose the identity of the John Doe defendants. John Doe No. 3 opposed on the ground that his right to speak anonymously was protected by the United States and New Jersey Constitutions.

The trial court ruled that both the First Amendment protections of the Federal Constitution and the New Jersey Constitution protect the anonymity of a speaker unless the party seeking to ascertain the identity of the speaker can establish a prima facie case of defamation which, for corporation defamation, requires a showing of actual damages. The trial court denied the motion of the plaintiff-corporation to compel discovery because the plaintiff-corporation had failed to offer evidence which would support a finding that the plaintiff-corporation was harmed.

The New Jersey Superior Court affirmed the ruling of the trial court that the plaintiff was not entitled to discover the identity of the anonymous speaker because of its failure to offer evidence that would support a finding of actual harm. The court ruled that the following guidelines govern discovery seeking disclosure of the identity of anonymous Internet posters who are sued for allegedly violating the rights of individuals, corporations, or businesses:

"The complaint and all information provided to the court should be carefully reviewed to determine whether

plaintiff has set forth a prima facie cause of action against the fictitiously named anonymous defendants. In addition to establishing that its action can withstand a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to R. 4:6-2(f), the plaintiff must produce sufficient evidence supporting each element of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant.

"Finally, assuming the court concludes that the plaintiff has presented a prima facie cause of action, the court must balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed." *Id.* at 760-61.

In *Doe No. 1 v. Cahill,* 884 A.2d 451 (De. 2005), an elected council member and his wife brought a defamation action against John Doe defendants based on anonymous statements posted on an Internet weblog. Through a discovery request that was the subject of this litigation, the plaintiffs sought to learn the identity of John Doe No. 1 from Comcast, which owned John Doe No. 1's IP address. Doe sought a protective order to prevent the plaintiffs from obtaining his identity.[3]

The trial court, applying a good faith standard—a showing of a good faith basis upon which to bring the action and a showing that the information sought is re-

___

3. According to footnote 4, federal law (47 U.S.C. §551(c)(2)) requires an Internet service provider to furnish notice to the Internet service subscriber before it can disclose the identity of its subscriber to a third party. *Id.* at 455 n.4.

lated to the claim and cannot be obtained from any other source—denied Doe's motion for a protective order. The Delaware Supreme Court reversed on the ground that the trial court applied an incorrect standard. It held that a defamation plaintiff must satisfy a summary judgment standard before obtaining the identity of an anonymous defendant: "We, accordingly, hold that before a defamation plaintiff can obtain the identity of an anonymous defendant through the compulsory discovery process he must support his defamation claim with facts sufficient to defeat a summary judgment motion." *Id.* at 460.[4]

Also see *Best Western International Inc. v. Doe,* 2006 WL 2091695 (D. Ariz. 2006), which applied a summary judgment standard.

In *Klehr Harrison Harvey Bransburg & Ellers LLP v. JPA Development Inc.,* 2006 WL 37020 (C.P. Phila. 2006), the Philadelphia Common Pleas Court concluded that the implementation of new standards for cases involving a plaintiff's effort to learn the identity of anonymous Internet posters will likely do more harm than good. The court ruled that a balancing of John Doe's First Amendment rights against the plaintiff's rights to the information sought is built into the Commonwealth's existing civil procedure. Consequently, the defendant's motion for a protective order should be analyzed under existing Pennsylvania discovery rules.

Also see *In re Subpoena Duces Tecum to America Online Inc.,* 2000 WL 1210372 (Va. Cir. Ct. 2000), re-

---

4. The court rejected the additional requirement in *Dendrite* that the trial court must balance the defendant's First Amendment rights against the strength of the plaintiff's prima facie case. It stated that the summary judgment test is the balance.

versed on other grounds, *America Online Inc. v. Anonymous Publicly Traded Company,* 542 S.E.2d 377 (2001), where a Virginia trial court applied a good faith standard to a request to learn the identity of John Doe defendants.

Upon consideration of the case law decided after my rulings in *Melvin v. Doe,* I continue to believe that a summary judgment standard is the appropriate standard for balancing the First Amendment protections of anonymous speech against interests furthered through state libel laws.

For these reasons, I am entering a court order granting Doe 1's motion for a protective order barring further discovery to learn the identity of Doe 1. However, plaintiff may request that I rescind this court order if plaintiff is able to make a prima facie showing that (1) the statements on the bulletin board were false; (2) the publisher either intended the publication to cause pecuniary loss or reasonably should have recognized that the publication would result in pecuniary loss; and (3) pecuniary loss did, in fact, result.[5]

For these reasons, I enter the following order of court.

---

5. A cause of action for commercial disparagement also requires a showing that the publisher either knows that the statement is false or acts in disregard of its truth or falsity. See *Pro Golf Manufacturing Inc. v. Tribune Review Newspaper Co.,* 570 Pa. 242, 246, 809 A.2d 243, 246 (2002). Plaintiff cannot establish this requirement without knowing the identity of the publisher. Thus, if plaintiff must meet this requirement, I would be giving absolute First Amendment protection to anonymous speech in commercial disparagement claims. For the reasons that I have discussed, this would be a balance that fails to take into consideration the interests protected through state libel law.

## ORDER

On March 5, 2007, upon consideration of Doe 1's motion for a protective order, it is hereby ordered that until further order of court, plaintiff is barred from obtaining from America Online Inc. any information relating to the identity of Doe 1.