J-A18018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KYLIE WALK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALVERNIA COLLEGE; SECURITY GUARDS, INC.; SGT. DAN WOODMAN, PUBLIC SAFETY/SECURITY OFFICER; SGT.STANLEY LEVENGOOD, PUBLIC SAFETY/SECUIRTY OFFICER; JOSEPH THOMAS, DIRECTOR, PUBLIC SAFETY; AND DAVID STUART, ASSISTANT DIRECTOR, RESIDENCE LIFE | |
| Appellees | No. 1784 MDA 2014 |

Appeal from the Order Entered September 25, 2014
In the Court of Common Pleas of Berks County
Civil Division at No: 09-16153

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 08, 2015**

Appellant, Kylie Walk, appeals from the September 25, 2014 order entered in the Court of Common Pleas of Berks County, granting summary judgment in favor of Appellees, Alvernia College and Security Guards, Inc., as well as certain of their respective named employees.[1]  Following review, we affirm.

---

[1] For the sake of convenience and clarity, we shall refer collectively to Appellees Alvernia College and its employee David Stuart as "Alvernia," and
*(Footnote Continued Next Page)*

Appellant filed a complaint against Appellees alleging violations of her right to privacy as well as claims of trespass and negligence, all in relation to a December 2007 search of her dormitory room at Alvernia College that resulted in the confiscation of marijuana, hashish and an empty alcohol bottle. After discovery was closed, Alvernia and Security Guards each filed a motion for summary judgment contending the search of Appellant's dorm room was lawful under the contractual agreement entered into between Appellant and the college. The trial court agreed and granted summary judgment in favor of all Appellees.[2] This timely appeal followed.

In its Rule 1925(a) opinion, the trial court summarized the factual background of this case as follows:

> [Appellant] applied for admission and was accepted to Alvernia College in 2007. Upon her arrival at Alvernia College, [Appellant] was presented with an Alvernia College Housing Contract (hereinafter "Contract"). [Appellant] acknowledged that she read and understood the Contract and signed it. The Housing Contract stated, in part:
>
> > "11. Inspection of resident halls and college-owned townhouses for health, safety, or maintenance reasons will be made during vacations and may occur at any other time with advance notice (except in emergency). Routine

_(Footnote Continued)_ _____

to Appellees Security Guards, Inc., and its employees Dan Woodman, Stanley R. Levengood and Joseph Thomas as "Security Guards."

[2] As will be discussed herein, Security Guards also claimed that Appellant's privacy claims were barred by the one-year statute of limitations applicable to invasion of privacy actions. 42 Pa.C.S.A. § 5523(1). The trial court did not address the statute of limitations in its order or in its Rule 1925(a) opinion.

inspections do not include searches. Searches may be conducted, however, under the guidelines as outlined in the Student Handbook."

With respect to the Student Handbook that is referenced in the Student Housing Contract, pages 17 and 18 of the Alvernia College Undergraduate Student Handbook provide in relevant part:

"Rooms and/or townhouses may be entered when there is probable cause that college policies are being violated. Probable cause is defined as anything that would lead a reasonable person to believe that a violation of college policy or a crime is being or has been committed."

The Student Handbook further provides:

Rooms and/or townhouses may be entered for inspection at any time in an emergency, under suspicion of criminal activity, or under suspicion that college policies are being violated. Prohibited items and/or evidence found in plain view are subject to documentation and confiscation."

[Appellees] allege that while residing in her dormitory room, [Appellant] actively possessed, used and sold marijuana from inside her dorm room. [Appellees] received numerous complaints from [Appellant's] roommate as well as another student that [Appellant] was engaged in these illicit activities. [Appellant's] roommate . . . submitted a typewritten complaint to Residence Life regarding the possession, use and sale of marijuana in her dorm room by [Appellant]. The complaint was specific as to where [Appellant] concealed her marijuana and other contraband. Another student in the same residence hall . . . submitted a formal complaint to Residence Life, complaining of [Appellant's] illegal activities.

Based on these allegations, on December 3, 2007, [two] Alvernia College Residence Life members . . . knocked on [Appellant's] dormitory door so they could make contact with [Appellant] regarding the alleged violations. [Appellant] admits that she was aware that members of Residence Life were making an attempt to contact her and she fled the area. The following morning, after [Appellant] had not returned to campus, [two] Public Safety Officers . . . conducted a search of the [Appellant's]

dormitory [room]. As a result of the search, marijuana and hashish and an empty bottle of alcohol were found in violation of the 2007-2008 Alvernia College Undergraduate Student Handbook and the Pennsylvania Criminal Statutes. A City of Reading Police Officer . . . was also present during the search but remained outside of the dormitory [room] and the seized contraband was given to [him] for police handling. A police investigation subsequently ensued and on February 5, 2009, [Appellant] pleaded guilty to Possession with the Intent to Deliver Controlled Substances, 35 Pa.C.S.A. § 780-113(a)(30), and received a sentence of 5 years' probation.

Trial Court Rule 1925(a) Opinion, 1/12/15, at 2-4.

In this appeal, Appellant presents one issue for our consideration:

Whether the trial court erred in granting [Appellees'] motions for summary judgment and dismissing all of [Appellant's] claims with prejudice on the basis that the entry into Appellant's room and full search of that room was authorized?

Appellant's Brief at v.

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." **Drelles v. Manufacturers Life Ins. Co.**, 881 A.2d 822, 830 (Pa. Super. 2005) (internal quotation omitted). As an *en banc* panel of this Court recently reiterated:

When reviewing a trial court's grant of summary judgment, our standard and scope of review are as follows:

Our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: An appellate court may reverse the

- 4 -

entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Reinoso v. Heritage Warminster SPE, LLC***, 108 A.3d 80, 84 (Pa. Super. 2015) (*en banc*) (quoting ***Mull v. Ickes***, 994 A.2d 1137, 1139-40 (Pa. Super. 2010), in turn quoting ***Jones v. Levin***, 940 A.2d 451, 453-54 (Pa. Super. 2007) (brackets omitted)).[3]

With the applicable scope and standard of review in mind, we first consider the violation of privacy claim raised in Count I of Appellant's Complaint. As noted above, the statute of limitations for invasion of privacy is one year. 42 Pa.C.S.A. § 5523(1). Appellant's cause of action accrued on December 4, 2007. She initiated her suit by writ of summons filed on

---

[3] Although the Argument section of Appellant's brief includes the standard for review of a summary judgment order, we remind Appellant's counsel of the requirement to include a separate, distinctly entitled statement of both the scope of review and the standard of review. Pa.R.A.P. 2111(a)(3).

December 4, 2009, exactly two years after her cause of action accrued. Therefore, her privacy claims were barred by the statute of limitations. Security Guards raised the statute of limitations as new matter in their answer to Appellant's complaint. In her reply to new matter, Appellant did not assert any defense to the statute of limitations. "Defenses to the statute of limitations, such as estoppel, agreement, agency, apparent authority, fraud or concealment are waiveable defenses and must be raised in a reply to new matter asserting the statute of limitations as an affirmative defense." ***Devine v. Hutt***, 863 A.2d 1160, 1169 (Pa. Super. 2004). Therefore, as a matter of law we find no error in the grant of summary judgment in favor of Security Guards on Appellant's privacy claims, albeit on grounds different from those relied on by the trial court. ***Id.*** at 1170 (Pa. Super. 2004) ("appellate court may affirm order of trial court on any basis if decision is correct").[4]

_____

[4] In her reply to Security Guards' motion for summary judgment, Appellant attempts to circumvent the one-year statute of limitations, contending:

> The claim, although entitled invasion of privacy, is [an] action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass to the residential property of [Appellant] resulting from the violation of the terms of the Housing Agreement and Student Handbook. See 42 Pa.C.S. 5224 (*sic*).

Appellant's Reply to Security Guard's Motion for Summary Judgment at ¶ 41. Appellant's assertions, and her attempt to reinvent her privacy claim as a
*(Footnote Continued Next Page)*

Unlike Security Guards, Alvernia did not raise the statute of limitations as an affirmative defense in its new matter. Therefore, Alvernia has waived that affirmative defense. *Croyle v. Dellape*, 832 A.2d 466, 476 (Pa. Super. 2003) ("As a general rule, a statute of limitations defense must be raised in new matter or else it is waived. *See* Pa.R.C.P. 1030(a)."). Therefore, we consider whether Alvernia was entitled to the grant of summary judgment on Appellant's privacy claims.

Our Supreme Court has explained:

> To state a cause of action for the tort of invasion of privacy in Pennsylvania, a plaintiff must aver that there was an intentional intrusion on the seclusion of their private concerns which was substantially and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of normal sensibilities.

*Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Company*, 809 A.2d 243, 247 (Pa. 2002) (citations omitted).

The trial court rejected Appellant's privacy claims, stating:

> This [c]ourt holds that [Appellant's] claim for Invasion of Privacy fails because there was no intentional intrusion upon seclusion that would be highly offensive to a reasonable person. The record is replete with testimony and affidavits concerning the open and obvious illegal activities of [Appellant]. There were numerous complaints, both written and oral, by students at the college including [Appellant's] own roommate concerned about

*(Footnote Continued)* ─────────

tort claim subject to a two-year statute of limitations under 42 Pa.C.S.A. § 5524, are contradicted by the allegations in Count I of her complaint, alleging a violation of her right to privacy. Appellant's Complaint, 2/24/10, at ¶¶ 14-33.

- 7 -

the criminal activities [Appellant] was engaging in. These oral and written complaints gave rise to the probable cause necessary to conduct a search of a dormitory in accordance with the Student Handbook. Additionally, [Appellant] willingly and knowingly signed the Housing Contract and acknowledged the terms of the Student Handbook which gave her consent to [Appellees] to perform a search of her dormitory when there was a reasonable belief of illegal activity. Furthermore, it cannot be said that this search or her subsequent arrest were made public by [Appellees]. In stark contrast to [Appellant's] allegations, the record and evidence presented show that [Appellees] took actions to minimize the extent the search of [Appellant's] dormitory was made public. The testimony of Felicia Weitoish states that the Public Safety Officers directed all occupants of [Appellant's] floor to either return to their room or leave the area altogether. Based on these facts, this [c]ourt has properly dismissed this claim as the elements for an Invasion of Privacy claim cannot be met by [Appellant].

Trial Court Rule 1925(a) Opinion, 1/12/15, at 4-5. We agree. In addition to the findings set forth in the trial court's opinion, we also note that statements made by Appellant in her deposition refute her privacy claims. Appellant admitted that the drugs were hers, that she did not hide the drugs from her roommate, and that she knew having drugs in her room was against student rules. Notes of Testimony, Appellant's Deposition, 1/20/11, at 81, 119, 152 and 162. She was physically present in the dorm on the evening of December 3, 2007 when she learned that Residence Life representatives were waiting outside her room. *Id.* at 83-84 and 89. She was aware that her room was going to be searched and "assumed" why, so she stayed downstairs and then left the campus. *Id.* at 83-84 and 86-87. She did not know whether either the search or her arrest was publicized on campus. *Id.* at 176-77.

- 8 -

Appellant's position is largely based on her reading of the housing contract and the student handbook, which all parties agree control here. Appellant argues that the college was authorized to enter her room but not to search it. Her position is not supported by the terms of the documents. Paragraph 11 of the housing contract provides that the student agrees to certain inspections of residence hall room. Further, "[r]outine inspections do not include searches. Searches may be conducted, however, under the guidelines as outlined in the Student Handbook." Alvernia Motion for Summary Judgment, 12/16/13, Exhibit D, ¶ 11. The Student Handbook authorizes college representatives to enter dorm rooms for inspection "under suspicion of criminal activity, or under suspicion that college policies are being violated. Prohibited items and/or evidence found in plain view are subject to documentation and confiscation." *Id.*, Exhibit F, p. 17.

Appellant acknowledges the handbook and other documents "provided [Appellees] with an arguable right to enter her residence." Appellant's Reply Brief at 2. Nevertheless, Appellant insists that only items found in plain view are subject to documentation and confiscation and, therefore, the drugs located in a storage bin next to her bed were wrongly confiscated. We do not agree. The handbook authorizes confiscation of "prohibited items" and/or "evidence found in plain view." The drugs in question were clearly prohibited items that were properly confiscated from the storage bin where Appellant's roommate said they would be found. Because the housing

contract and handbook authorized searches under suspicion of criminal activity and provided for confiscation of prohibited items, Alvernia did not engage in any prohibited actions in seizing the marijuana and hashish from Appellant's room. Appellant has not demonstrated any intentional intrusion on the seclusion of her private concerns that would be substantially and highly offensive to a reasonable person. Nor has she averred sufficient facts to establish that any information disclosed by Alvernia would have caused mental suffering, shame or humiliation to a person of normal sensibilities. We find no error in the trial court's dismissal of Appellant's privacy claim.

In Count II of her Complaint, Appellant asserted that Appellees' conduct constituted an intentional trespass. Appellant alleged that Appellees "had no legal justification to enter into [Appellant's] locked dormitory room or to enter into the private areas and search private effects without permission express or implied." Appellant's Complaint, 2/24/10, at ¶ 36. The trial court rejected Appellant's trespass claim and determined Appellees' were entitled to summary judgment, explaining:

> It is undisputed that [Appellant] understood, signed and accepted the terms of the Housing Contract and Student Handbook. The handbook clearly stated that searches may be conducted when there is probable cause of criminal activity. [T]here is an overwhelming amount of evidence in the record that would lead a reasonable person to believe that criminal activity was afoot or that there had been violations of the college policies. [Appellees] had the requisite probable cause created by the actions of [Appellant] for [Appellees] to conduct a lawful search of her dormitory and as such, no trespass can be said to have occurred. [Appellees] had a right to be in the dormitory conducting a search pursuant to the Housing Contract, Handbook

- 10 -

and the evidence of violations of school policy. Accordingly, [Appellant's] claim for trespass was properly dismissed.

Trial Court Rule 1925(a) Opinion, 1/12/15, at 5-6.

We agree. Appellees were not only justified in entering Appellant's room but also were authorized by the housing contract and the student handbook to do so. "A right of entry constitutes an absolute defense to an action in trespass." *Gedekoh v. Peoples Natural Gas Co.*, 133 A.2d 283, 284-85 (Pa. Super. 1957) (citation omitted). *See also Kennedy v. Consol Energy, Inc.*, 2015 WL 1813997, at *8 (Pa. Super. April 22, 2015) ("in order to establish a claim for trespass, a plaintiff must prove an intentional entrance upon land in the possession of another without a privilege to do so. *See Kopka v. Bell Tel Co.*, 371 Pa. 444, 91 A.2d 232, 235 (Pa. 1952); Restatement, Torts, § 164.") We find no error in the trial court's dismissal of Appellant's trespass claims.

Appellant's third claim is a negligence claim against Appellees. Appellant's Complaint, 2/24/10, at Count III (against Alvernia) and Count IV (against Security Guards). The trial court concluded Appellant failed to establish a cause of action for negligence because "there are no facts to support any claim for a breach of any duty owed to [Appellant]." Trial Court Rule 1925(a) Opinion, 1/12/15, at 6. We agree. Appellant's negligence claims are based on an alleged failure to train and supervise Appellees, ostensibly the Security Guards employees, "in the exercise and performance of their duties." *Id.* However, as Security Guards contends, "there is no

evidence the search was improperly conducted and no evidence that the security officers were improperly trained or supervised. For example, Sgt. Levengood, the employee who performed the search, had over thirty (30) years' experience with the Pennsylvania State Police." Security Guards' Brief at 21.

In essence, Appellant's negligence claim stems from her continued assertion that the search of her room, which resulted in the confiscation of clearly prohibited and illegal items, was conducted in contravention of the housing contract and student handbook. The trial court determined "there was no credible evidence presented that the search was improperly conducted and no credible evidence presented by [Appellant] that the security officers were improperly trained or supervised." Trial Court Opinion, 1/12/15, at 6. Therefore, "the search of [Appellant's] dormitory by [Appellees] was lawful under Pennsylvania Law, the Student Housing Contract and Student Handbook and [the court] has properly dismissed the claims." *Id.*

We find no error in the trial court's determination that there are no genuine issues of material fact and that Appellees are entitled to judgment as a matter of law. Therefore, we shall not disturb the trial court's grant of summary judgment.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2015