J-A07043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| ERIC SCOTT NEFF AND NAOMA D. NEFF, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| PENNYMAC CORP., | : | |
| | : | |
| Appellee | : | No. 1568 WDA 2016 |

Appeal from the Order September 16, 2016
in the Court of Common Pleas of Butler County
Civil Division at No(s): A.D. No. 16-10379

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.:        **FILED: June 19, 2017**

Eric Scott and Naoma D. Neff (the Neffs, collectively) appeal from the September 16, 2016 order[1] that sustained the preliminary objections of PennyMac Corp. (PennyMac) and dismissed the Neffs' complaint in this slander-of-title action.  We affirm.

The facts of the case giving rise to the instant appeal are intertwined with two other actions filed in Butler County with which the instant case had been consolidated.  Although the order consolidating the cases was ultimately vacated, we must discuss somewhat the other cases that are not presently before us, a process that is made difficult by the fact that we have

---

[1] The Neffs purport to appeal from a September 15, 2016 order.  While the order in question was dated September 15, it was not entered on the docket until September 16, 2016.  We have amended the appeal paragraph accordingly.

*Retired Senior Judge assigned to the Superior Court.

the trial court record for only the instant case. As we write only for the parties, any minor discrepancies in our recitation of the history of the other cases can be overlooked.

It all began in 2007, when the Neffs executed a mortgage in favor of PNC Bank that was immediately assigned to Citibank.[2] The Neffs contend that at some point after they executed the documents, the mortgage instrument was altered improperly by an agent of PNC or Citibank to encumber an additional parcel of land that the Neffs had expressly excluded from the agreement. The Neffs sought, but were denied, modification of the loan. The Neffs stopped making payments in 2010, and in 2011, Citibank initiated a foreclosure action. Citibank then assigned the mortgage to PennyMac. PennyMac recorded the assignment of the mortgage on October 3, 2011, and filed an amended complaint in the foreclosure action substituting itself as plaintiff. The Neffs responded with allegations that the original mortgage was void, and that PennyMac knew or should have known that the mortgage had been fraudulently altered.[3]

---

[2] Citibank appears to be the successor to the entity to which PNC Bank assigned the mortgage. However, we need not go through the full history the mortgage assignments because the identities of the entities that held the mortgage prior to its assignment to PennyMac are not pertinent to this appeal.

[3] The certified record before us does not contain the Neffs' answer to PennyMac's complaint in the foreclosure action. Thus, we are unable to confirm the Neffs' contention that they had stated as counterclaims in the foreclosure the same claims raised in the subsequent complaint filed in the

In 2012, the Neffs filed a complaint against Citibank, PNC, and PNC's agent Lucille Ontko, stating claims related to the alleged fraudulent, unilateral modification of the mortgage document. The Neffs also sought to join Citibank, PNC, and Ontko as party defendants in the foreclosure action, claiming that, if the Neffs were to be found liable to PennyMac, then Citibank, PNC, and Ontko are liable over to PennyMac.

On May 18, 2016, the Neffs filed the action that is the subject of this appeal. Therein they alleged that at the time PennyMac obtained the assignment of the mortgage, it knew or should have known that the original mortgage document had been altered wrongfully, and yet PennyMac willfully and wantonly proceeded with the recording of the document and the prosecution of the foreclosure action, causing the Neffs to sustain damages. Complaint, 5/18/2016, at 5-6. The Neffs did not indicate which particular causes of action they were pursuing.

PennyMac filed preliminary objections in the nature of a demurrer, asserting that the Neffs' complaint failed to state a viable cause of action because it did not allege that PennyMac engaged in fraud or had direct knowledge of any fraudulent alteration of the mortgage, and that fraud is not obvious and clear from the face of the document. Preliminary Objections, 6/20/2016, at 5-6. Further, PennyMac contended, because the

---

instant case, but the trial court ruled that the counterclaim was improper. *See* Neffs' Brief at 8 n.3.

Neffs admit that at least one parcel is properly encumbered by the mortgage and that the Neffs are in default for failure to pay, the foreclosure action is warranted and proper, not a malicious action. *Id.* at 8-9. The Neffs responded by indicating that they were not seeking recovery on either theory objected to by PennyMac; rather, they raised a claim of slander of title. Brief in Opposition to Preliminary Objections, 8/16/2016, at 3.

On August 23, 2016, the trial court heard argument on PennyMac's preliminary objections in this case along with objections filed by other parties in the consolidated cases. The Neffs subsequently filed a supplemental brief. By order of September 16, 2016, the trial court, *inter alia*, sustained PennyMac's preliminary objections and dismissed the Neffs' complaint. The Neffs timely filed a notice of appeal.[4] Both the Neffs and the trial court have complied with Pa.R.A.P. 1925.

On appeal, the Neffs contend that the trial court erred in sustaining the preliminary objection and dismissing the complaint because it erroneously held that PennyMac's recording of the assignment was not publication of a false statement that could support an action for slander of title. Neffs' Brief at 6.

We consider the Neffs' claims mindful of the following.

---

[4] The September 16, 2016 order also granted the Neffs 20 days to file amended pleadings. Rather than do so in this case, they filed a praecipe for the entry of a final order dismissing the complaint and a notice of appeal on October 14, 2016. *See* Pa.R.A.P. 301(d).

- 4 -

Preliminary objections in the nature of a demurrer should be [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In reviewing a trial court's [sustaining] of preliminary objections, the standard of review is *de novo* and the scope of review is plenary.

*Kilmer v. Sposito*, 146 A.3d 1275, 1278 (Pa. Super. 2016) (internal citations and quotation marks omitted).

"Disparagement of title, variously labeled slander of title, defamation of title, or in other contexts, slander of goods, trade libel or injurious falsehood, is the false and malicious representation of the title or quality of another's interest in goods or property." *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002) (quoting *Triester v. 191 Tenants Ass'n*, 415 A.2d 698, 701 (Pa. Super. 1979)). Publication of a statement gives rise to such a claim where

(1) the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does in fact result; and (4) the publisher either knows that the publication is false or acts in reckless disregard of its truth or falsity.

*Maverick Steel Co. v. Dick Corp./Barton Malow*, 54 A.3d 352, 354 (Pa. Super. 2012) (quoting *Pro Golf Mfg., Inc.*, 809 A.2d at 246).

In the instant case, the Neffs alleged that PennyMac is liable to them because the original mortgage was altered by PNC or Citibank by adding parcel #1F104-3B to the document in pen and ink without the knowledge or consent of the Neffs; PennyMac knew or should have known that it did not acquire any security interest in parcel #1F104-3B; and, thus, PennyMac published a false statement when it recorded the assignment of the mortgage that it obtained from Citibank. Neffs' Brief at 16 (quoting Complaint, 5/18/2016, at ¶¶ 19, 25).

We agree with the trial court that the Neffs failed in their complaint to point to any false statement published by PennyMac. There is not a single reference to parcel #1F104-3B within the four corners of the recorded assignment. *See* Complaint, 5/18/2016, at Exhibit 5. Further, the original mortgage that contains the allegedly-slanderous statement was not republished by being attached to the assignment. Rather, the assigment merely states facts that the Neffs do not claim are false: that Citibank assigned whatever interest it had in the January 16, 2007 mortgage on the property at 331 St. Joe Rd., Chicora, PA 16025, recorded on January 19, 2007 as instrument 200701190001559, to PennyMac. *Id.*

The Neffs cite no Pennsylvania authority to support their position in this case, and we find their cases from other jurisdictions to be unpersuasive. For example, the Neffs claim relief is due based upon the reasoning of the "strikingly similar" case of **Childers v. Commerce Mortg.**

*Investments*, 579 N.E.2d 219 (Ohio App. 1989).  Neffs' Brief at 21 n.6.  In that case, the original lender and CMI, the subsequent assignee of the mortgage, were located in the same building, had an overlap of personnel, and regularly did business together in that CMI purchased all of the original lender's notes.  *Id.* at 220.  Through this close relationship, CMI knew or should have known that the lender had never disbursed the loan to the Childerses, yet CMI went ahead and recorded its purchase of the mortgage. The trial court held that CMI's recording of the mortgage in those circumstances was done in reckless disregard for the Childerses' rights.  *Id.*

The instant case is distinguishable, in that the Neffs do not contend that PennyMac had a relationship with PNC or Citibank such that it knew that one or the other had a history of selling invalid mortgages.  Instead, the Neffs contend that anyone who saw the hand-written addition of parcel #1F104-3B to the document should have known that fraud was present. However, they allege no facts or authority to support the proposition that the handwritten alteration in this instance implicates fraud rather than a routine correction of a clerical error, and we decline to adopt that view.

The Neffs also rely upon *Lomah Elec. Targetry, Inc. v. ATA Training Aids Australian Party Ltd.*, 828 F.2d 1021 (4th Cir. 1987), for the proposition that "[s]lander of title is committed by the recordation of a false or fraudulent assignment."  *Id.* at 1023.  However, the issue in that case was personal jurisdiction, not the sufficiency of the allegations.  In any

event, the issue there involved John Kennelly, a former president of Lomah and then-president of ATA, who, falsely representing that he was still president of Lomah, assigned Lomah's interest in certain patents to ATA. The court indicated that the complaint filed by Lomah alleged slander of title committed by Kennelly and ATA in Virginia, where "Kennelly, individually and as an officer of ATA, slandered Lomah's title to its patents and pending application for a patent by employing counsel in Virginia to record in Virginia an allegedly fraudulent and unauthorized assignment." *Id.*

Thus, it was the assignment itself that was fraudulent in *Lomah*, and the cause of action was brought against the perpetrator of the fraud. PennyMac here is not accused of creating and recording a false assignment that was not authorized by the assignee. As such, *Lomah* has no bearing on this case.

The only false statement the Neffs allege to have been made by anyone was that parcel #1F104-3B was included in the mortgage they executed in favor of PNC. The document alleged in this case to have been published by PennyMac does not reference parcel #1F104-3B, but merely indicates that it has obtained the interest previously held by Citibank, which Citibank obtained from PNC. Because the Neffs' complaint does not allege that PennyMac published a false statement, the trial court properly held that the Neffs failed to state a claim against PennyMac for slander of title.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2017