682 A.2d 838

**Margaret Ann COULTER, Appellant,**

**v.**

**Neil ROSENBLUM, Ph.D., Appellee.**

Superior Court of Pennsylvania.

Submitted May 22, 1996.

Filed Aug. 27, 1996.

---

Theodore E. Breault, Pittsburgh, for appellant.

Glenn M. Campbell, Philadelphia, for appellee.

Before CIRILLO, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, Judge:

Plaintiff appeals from an order granting Defendant's Motion for Summary Judgment. The trial court determined this matter was barred by the statute of limitations. We affirm.

Plaintiff, who was in the midst of a custody dispute with her ex-husband, initially retained Defendant's services for a psychological evaluation of her relationship with her minor son. In response to a request from ex-husband's counsel, Defendant sent a letter on June 9, 1988 detailing the information

revealed during Plaintiff's therapy sessions. A second report was sent on July 24, 1988. Both of these correspondences were released without the consent of the Plaintiff. Plaintiff filed the instant suit on September 10, 1992.

The Complaint set forth four counts. Counts one through three alleged that Defendant breached a duty of confidentiality and invaded her right to privacy. Count four alleged strict liability based on 42 Pa.C.S.A. § 5944, which forbids a licensed psychologist, like Defendant, from testifying in any civil or criminal proceeding about information gathered throughout therapy sessions, without consent of the patient. Summary judgment was granted, the trial court concluding that this action was commenced more than four years after the occurrence of the incidents complained of in the Complaint, and therefore was barred by the statute of limitations.

The only issue raised in this appeal is whether the trial court erred in granting the Motion for Summary Judgment with respect to count four. Plaintiff does not challenge the trial court's ruling with respect to counts one through three of the Complaint, admitting that the statute of limitations bars these claims. However, she seeks a trial on the merits for allegations set forth in count four of her Complaint and contends that this claim is not barred by the statute of limitations but should be governed by a six year limitation period. In count four she alleges that Defendant is strictly liable for the disclosure of information to her ex-husband's attorney in violation of 42 Pa.C.S.A. § 5944.

Plaintiff asserts that Dr. Rosenblum's conduct violated 42 Pa.C.S.A. § 5944 because she never consented to the release of information to her ex-husband. She argues that 42 Pa. C.S.A. § 5944 creates a separate and distinct cause of action, other than common law theories of tort or contract. This statute provides:

**Confidential communications to licensed psychologists**

No person who has been licensed under the act of March 23, 1972 (P.L. 136, No. 52), to practice psychology shall be, without the written consent of his client, examined in any

civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S.A. § 5944.

Plaintiff maintains that since no statute of limitations provision is specified in 42 Pa.C.S.A. § 5944, the appropriate time period is six years according to 42 Pa.C.S.A. § 5527(6), and that under that six year limitation period this action is not time-barred.

Plaintiff relies on *Boettger v. Miklich,* 534 Pa. 581, 633 A.2d 1146 (1993), and *Gabriel v. O'Hara,* 368 Pa.Super. 383, 534 A.2d 488 (1987), to buttress her argument. *Boettger* dealt with the Wiretap Act, 18 Pa.C.S.A. § 5725. There the court held this act created new and detailed rights and responsibilities which, if breached, would form the basis of a, heretofore, non-existing cause of action.

*Gabriel* dealt with the appropriate statute of limitations for an action brought under the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201–2 *et seq.* In order to promote consistency among the multifarious claims of the UTPCPL, the *Gabriel* Court held that a uniform six year statute of limitations would apply. *Gabriel v. O'Hara,* 368 Pa.Super. 383, 395, 534 A.2d 488, 494 (1987); *see* 42 Pa.C.S.A. § 5527(6).

However, these cases are readily distinguishable from the instant action. The Wiretap Act sets forth the following specific language creating a cause of action for its breach:

(a) cause of action–Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:

(1) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.

(2) Punitive damages.

(3) A reasonable attorney's fee and other litigation costs reasonably incurred.

18 Pa.C.S.A. § 5725(a).

Likewise, the UTPCPL explicitly states in § 201–9.2., entitled **"Private actions"**:

(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.

(b) Any permanent injunction, judgment or order of the court made under section 4 of this act shall be prima facie evidence in an action brought under section 9.2 of this act that the defendant used or employed acts or practices declared unlawful by section 3 of this act.

73 P.S. § 201–9.2.

In contrast, 42 Pa.C.S.A. § 5944 does not expressly create a cause of action on its face. Both the Wiretap Act and the UTPCPL contain specific language which expresses the legislature's intent to create a cause of action for violation of either statute as a remedy for their breach. Conversely, the statute in the instant case merely defines a *testimonial privilege* on behalf of the patient in the psychologist-patient relationship. The trial court correctly determined that 42 Pa. C.S.A. § 5944 does not create a new cause of action.

■ With regard to the question of the appropriate limitations period for the claim brought in count four of Plaintiff's Complaint, since we conclude that § 5944 does not create a new cause of action we agree that the six year period under 42 Pa.C.S.A. § 5527(6) is not applicable. The six year limitation period of § 5527(6) applies only to claims which are not subject to another limitation period. Despite Plaintiff's argument to the contrary. Section 5944 merely codifies a testimonial privilege which is an extension of the common law duty of confidentiality existing between the psychologist and patient. Thus, the nature of Plaintiff's claim is for invasion of privacy.

We recognize the crucial role that uninhibited speech, fostered by privilege, plays in professional relationships. Clients who are open with, and trust, their attorney enable the attorney to best represent and pursue their client's interests. Similarly, one seeking the aid of a physician, especially in the field of psychiatry or psychology, must openly communicate their thoughts, feelings, and other personal information as it is the only way to diagnose and treat such ailments. The legislature recognizes the importance of confidential relations and communication between psychologists and their clients by providing that such relationships, being on the same level as attorney-client, should be given equal protections. 42 Pa. C.S.A. § 5944.

Several cases in our Commonwealth have discussed the importance of privilege in the psychologist-patient relationship. *See Kalenevitch v. Finger,* 407 Pa.Super. 431, 595 A.2d 1224 (1991) (holding that the importance of keeping the psychotherapist-patient privilege confidential warrants the privilege's extension to protect communications made to agents of the licensed psychologist or psychiatrist); *Commonwealth v. Kyle,* 367 Pa.Super. 484, 533 A.2d 120 (1987) (explaining how the privilege afforded by § 5944 was intended to inspire confidence in the client and encourage full disclosure to the psychologist which serves the public interest in promoting a society in which the general well-being of the citizenry is protected); *Matter of Adoption of Embick,* 351 Pa.Super. 491, 506 A.2d 455 (1986) (arguing that without the psychologist-

client privilege, which encourages people to seek professional help for their mental and emotional problems, many people would simply forego therapeutic treatment.) *See generally* B.W. Best, J.D., Annotation, *Privilege, in Judicial and or Quasi–Judicial Proceedings, Arising from Relationship Between Psychiatrist or Psychologist and Patient,* 44 A.L.R.3d 24 (1972).

By our decision today we do not intend to limit privilege or its objectives, rather, we merely hold that when one's right to privacy is violated as a result of the disclosure of privileged information, the aggrieved party's action is governed by the one year statute of limitations. 42 Pa.C.S.A. § 5523. In the instant case, if Defendant did breach a duty, it is one based on invasion of privacy which is only actionable for one year after its commission. Therefore, we find the trial court was correct in granting summary judgment since the actions of the defendant giving rise to Plaintiff's claims occurred more than one year prior to the filing of her complaint.

Affirmed.