Diana BURGER, Appellee

v.

**BLAIR MEDICAL ASSOCIATES,
INC. and Natasha Karanjia,
D.O., Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 31, 2007.

Filed June 6, 2007.

Reargument Denied Aug. 3, 2007.

John W. Jordan IV, Pittsburgh, for appellants.

Stephen D. Wicks, Altoona, for appellee.

BEFORE: FORD ELLIOTT, P.J., ORIE MELVIN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Blair Medical Associates appeals from the April 24, 2006, judgment entered following the denial of their Motion for Post–Trial Relief. Judgment was entered in favor of Natasha Karanjia, D.O. on June 12, 2006; she did not file an appeal in this matter.

¶ 2 Appellee, Diana Burger, commenced this action by filing a complaint on December 24, 2001, averring, *inter alia,* that she had treated with Karanjia and Blair Medical for a work-related injury from 1996 until 2001. Record, No. 7. The complaint stated appellee had signed a medical authorization to permit Healthforce, her employer's workers compensation consultant, to obtain medical records from defendants[1] "for the purpose of review for payment of medical expenses incurred due to work-related injury or illness." *Id.* at 2. The complaint further averred defendants had breached their duty of physician-patient confidentiality by releasing medical records detailing appellee's marijuana and prescription medication use, even though these records had no relationship to appellee's work-related disabil-

---

1. Throughout this Opinion, Blair Medical Associates and Natasha Karanjia, D.O., are collectively referred to as "defendants". "Ap-

pellant" is used only in reference to Blair Medical.

ity.[2] *Id.* Subsequently, these medical records were allegedly used by appellee's employer as a justification for terminating appellee. *Id.*

¶ 3 Defendants responded to this complaint, in relevant part, by asserting appellee's breach of physician-patient confidentiality claim was barred by the statute of limitations for invasion of privacy actions. 42 Pa.C.S.A. § 5523(1), **One year limitation.** On February 13, 2006, the trial court issued an Opinion and Order disposing of two motions *in limine* filed by appellee and addressing defendants' statute of limitations argument. Record, No. 53, Opinion and Order. In rejecting defendants' argument, the trial court noted that appellee's claim for breach of physician-patient confidentiality was a recognized cause of action in this Commonwealth and, as such, it was governed by the two-year statute of limitations. *Id.,* see 42 Pa.C.S.A. § 5524, **Two year limitation** (7) ("Any other action or proceeding to recover damages for person or property which is founded on negligent, intentional, or otherwise tortuous conduct . . . .").

¶ 4 The case proceeded to trial and, on February 17, 2006, the jury returned a verdict in favor of appellee and against Blair Medical only, awarding appellee $60,052.37 in damages. Record, No. 54, Verdict Slip. Shortly thereafter, Blair Medical filed a motion for post-trial relief, wherein it contended the trial court erred by drawing a distinction between a cause of action for invasion of privacy and a cause of action for breach of physician-patient confidentiality for purposes of applying the statute of limitations. Record, No. 55, Motion for Post–Trial Relief. On April 24, 2006, the trial court issued a second Opinion and Order dealing with the statute of limitations issue and, once again, reasoned that this Commonwealth's precedent recognizes a distinct cause of action for invasion of privacy and a separate, distinct cause of action for a breach of physician-patient confidentiality. Trial Court Opinion, Sullivan, J., 4/24/06, at 1–2, *citing Grimminger v. Maitra,* 887 A.2d 276, 279 (Pa.Super.2005); *Haddad v. Gopal,* 787 A.2d 975, 980 (Pa.Super.2001). This timely appeal followed.

¶ 5 Appellant raises a single issue for our review:

> Is an action for damages for the disclosure of confidential patient information an action for invasion of privacy for the purposes of 42 Pa.C.S. 5523(1)?

Appellants' brief at 4.

¶ 6 The judgment under review implicates a pure question of law and, as such, our standard of review is plenary and our scope of review is *de novo. Hosp. & Healthsystem Ass'n of Pennsylvania v. Dep't. of Pub. Welfare,* 585 Pa. 106, 888 A.2d 601, 607 (2005) (citation omitted).

¶ 7 Appellant's argument is straight-forward—it contends this case is controlled by our disposition in *Coulter v. Rosenblum,* 452 Pa.Super. 619, 682 A.2d 838 (1996), and our Supreme Court's disposition in *Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Company,* 570 Pa. 242, 809 A.2d 243 (2002). Appellant read *Coulter* and *Pro Golf* as holding: "The improper disclosure of medical records is thus merely a type of invasions of privacy." Appellant's brief at 9. Consequently, according to appellant, its disclosure of appellee's medical records is actionable only as an invasion of privacy and, as such, is governed by the one-year stat-

---

**2.** The complaint also forwarded a claim for breach of contract. Record, No. 7, Complaint. Apparently, appellee dropped this claim at some point during the proceedings below.

ute of limitations, which would make appellee's complaint untimely.

¶ 8 Appellant's reliance on both *Coulter* and *Pro Golf* is misplaced. In *Coulter,* the plaintiff raised four claims—the first three alleged a breach of confidentiality and the fourth alleged an invasion of privacy, with the latter claim sounding in strict liability. *Coulter, supra* at 838–839. The trial court dismissed plaintiff's breach of confidentiality claims after determining they were barred by an unspecified statute of limitations. *Id.* at 839. On appeal to this Court, the plaintiff did not challenge the trial court's decision to dismiss her breach of confidentiality claims. *Id.* Rather, the plaintiff argued that a private cause of action was created by 42 Pa.C.S.A. § 5944, **Confidential communications to psychiatrists or licensed psychologists,** and that this cause of action was governed by the six-year statute of limitations period previously contained in the precursor to 42 Pa.C.S.A. § 5527, **Six-year limitation.** In rejecting the plaintiff's argument, this Court held:

> By our decision today we do not intend to limit privilege or its objectives, rather, we merely hold that when one's right to privacy is violated as a result of the disclosure of privileged information, the aggrieved party's action is governed by the one year statute of limitations. 42 Pa.C.S.A. § 5523 [One year limitation]. In the instant case, if Defendant did breach a duty, it is one based on invasion of privacy which is only actionable for one year after its commission. Therefore, we find the trial court was correct in granting summary judgment since the actions of the defendant giving rise to Plaintiff's claims occurred more than one year prior to the filing of her complaint.

*Coulter, supra* at 840–841.

¶ 9 As clearly indicated by the language therein, this holding was molded by the manner in which the controversy was brought before this Court. The *Coulter* Court was careful to note that "when" a confidential disclosure results in the invasion of the right to privacy, the cause of action is subject to a one-year statute of limitations. *Id.* at 840–841. This language does not indicate a disclosure of confidential information can *only* be defined as an invasion of privacy. Furthermore, even though the *Coulter* decision states, "if Defendant did breach a duty, it is one based on invasion of privacy," this statement was context specific as the only claim remaining on appeal was one for an invasion of privacy. Consequently, we do not believe the holding in *Coulter* stands for the broader proposition that a disclosure of confidential information is actionable as a *de facto* invasion of privacy and nothing else.

¶ 10 Similarly, appellant's reliance on *Pro Golf* is in error. In *Pro Golf,* our Supreme Court answered the question of what statute of limitations governs an action sounding in "commercial disparagement." *Id.* at 244, 809 A.2d 243. In holding that the one-year limitations period set forth in 42 Pa.C.S.A. § 5523(1), an action for libel, slander or invasion of privacy, controls, the Court noted that an action for commercial disparagement is simply a relabeled action for slander and, therefore, was expressly governed by the statutory period provided by 42 Pa.C.S.A. § 5523(1). *Id.* at 247, 809 A.2d 243.

¶ 11 Contrary to appellant's position, in *Haddad, supra,* this Court held that a cognizable action sounding in breach of physician-patient confidentiality exists in the Commonwealth and, consequently, we allowed a claim brought against a physician to proceed—although, we ultimately found the claim was vitiated by the plain-

tiff's implied consent.[3]  *Id.* at 980 ("The present case, however, does allege facts establishing a valid claim for breach of physician-patient confidentiality."); *see also Moses v. McWilliams,* 379 Pa.Super. 150, 549 A.2d 950, 953 fn. 4 (1988) *(en banc)* (noting the majority of jurisdictions that have considered the issue of whether a cause of action for breach of physician-patient confidentiality exists have concluded such an action does exist).

¶ 12 Similarly, in *Grimminger, supra,* this Court relied on *Haddad* for the proposition that "Pennsylvania recognizes a cause of action for breach of the physician-patient privilege where 'confidential disclosures occurred that were unrelated to any judicial proceedings.'" *Grimminger* at 279. The *Grimminger* Court proceeded by relying on the evidentiary privilege contained within 42 Pa.C.S.A. § 5929, **Physicians not to disclose information,** for a rough formulation as to what a breach of the confidential duty between physician and patient entails. The text of this provision reads as follows:

> No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient,

for damages on account of personal injuries.

*Id.*

¶ 13 An analysis of the relevant precedents, therefore, demonstrates that a cause of action for a breach of physician-patient confidentiality is cognizable under the laws of this Commonwealth. Yet, our inquiry does not end there.

¶ 14 In *Pro Golf,* the crux of our Supreme Court's holding was that a plaintiff could not avoid an applicable statutory period by merely re-labeling a cause of action. *Pro Golf, supra* at 246, 809 A.2d 243. The question we must answer, therefore, is whether a cause of action for invasion of privacy can be distinguished from a cause of action for breach of physician-patient confidentiality in a substantive manner such that different statutory periods should apply.

¶ 15 Notably, the Court in *Pro Golf* provided the following formulation of an action for invasion of privacy:

> To state a cause of action for the tort of invasion of privacy in Pennsylvania, a plaintiff must aver that there was an intentional intrusion on the seclusion of their private concerns which was substantially and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of normal sensibilities.

*Pro Golf, supra* at 247, 809 A.2d 243, *citing McGuire v. Shubert,* 722 A.2d 1087

---

**3.** Although the issue of whether a cause of action sounding in breach of physician-patient confidentiality exists in the Commonwealth was not explicitly raised in *Haddad v. Gopal,* 787 A.2d 975, 980 (Pa.Super.2001), it was necessary to answer this issue to pass on the merits that the appellant in *Haddad* did raise—namely, "Did the trial court err by determining that a patient can ever impliedly

consent to the release of confidential medical information to a third person, and charging the jury on that issue?" *Id.* at 979. ("The trial court ... permitted the case to proceed on the assumption that Pennsylvania law recognized a civil cause of action for breach of physician-patient confidentiality ... We agree.") (citations omitted). *Id.* at 980.

(Pa.Super.1998) (additional citation omitted).

¶ 16 The phrase "intentional intrusion on the seclusion of their private concerns," relied on by our Supreme Court in the above passage, is a phrase originally adopted by this Court from the Restatement (Second) of Torts. *Harris v. Easton Pub. Co.*, 335 Pa.Super. 141, 483 A.2d 1377, 1383 (1984). In *Harris*, this Court noted:

> An action for an invasion of privacy is comprised of four distinct torts: (1) intrusion upon seclusion, (2) appropriation of name or likeness, (3) publicity given to a private life, (4) publicity placing the person in a false light. The Restatement (Second) of Torts §§ 652B–E set forth those four categories of invasion of privacy. No Pennsylvania case has specifically adopted the final draft of the Restatement regarding these sections, although our supreme court did adopt section 652D as it appeared in Tentative Draft No. 13 of the Restatement (Second) of Torts.... We believe that the Restatement most ably defines the elements of invasion of privacy as that tort has developed in Pennsylvania.

*Id.* at 1383 (internal citations omitted).[4]

¶ 17 The tort of breach of physician-patient confidentiality can readily be distinguished from the torts of appropriation of name or likeness, publicity given to a private life, and publicity placing the person in a false light. Indeed, the tort of breach of physician-patient confidentiality has nothing to do with appropriation or publicity in this case—either in a legal or colloquial sense. As a more general matter, it will be the rare circumstance where a physician decides to publish, publicize, or appropriate confidential medical information. *See e.g., Doe v. Roe*, 93 Misc.2d 201, 400 N.Y.S.2d 668, 671 (Sup.Ct.1977) (entering judgment in favor of a patient who's confidential information was published in defendant psychiatrist's book without patient consent and relying on a breach of confidentiality theory in doing so). Consequently, there seems to be a substantive distinction between these three categories of privacy liability and the tort of breach of physician-patient confidentiality, with the exception of the rare circumstance in which a physician takes the extraordinary measure of publishing a patient's confidential medical information without consent.

¶ 18 The final category of privacy invasion that must be analyzed in conjunction with the tort of breach of physician-patient confidentiality is "intrusion upon seclusion." Restatement (Second) of Torts, § 652B (1977), *accord Pro Golf, supra* at 248, 809 A.2d 243. A thorough analysis reveals that the "inclusion upon seclusion" tort can be easily distinguished as a substantive matter from the tort of breach of physician-patient confidentiality.

¶ 19 The Restatement (Second) of Torts makes it clear, "intrusion upon seclusion" is a species of intentional tort. *See also Pro Golf, supra* at 248, 809 A.2d 243. There is no indication in this Commonwealth's jurisprudence that an action sounding in breach of physician-patient confidentiality must also be intentional. *See Grimminger, supra* at 279, *citing* 42 Pa.C.S.A. § 5929, **Physicians not to disclose information.** Indeed, to engraft such a *mens rea* requirement on the breach of physician-patient confidentiality tort would create an anomaly whereby physicians, who are held to the highest standard of care, could not be held liable

---

**4.** Section 652D, as discussed in *Harris v. Easton Pub. Co.*, 335 Pa.Super. 141, 483 A.2d 1377 (1984), pertains to "Publicity Given to Private Life." Restatement (Second) of Torts, § 652D (1977).

for unintentional breaches of confidence under this cause of action.

¶ 20 In addition, the comments to Restatement (Second) of Torts § 652B, **Intrusion upon Seclusion,** provide as follows:

> b. The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

Restatement (Second) of Torts, § 652B, comment B (1977).

¶ 21 This comment illustrates another salient distinction between the "intrusion upon seclusion" tort and the breach of physician-patient confidentiality tort. While the latter is premised on a confidential relationship between tortfeasor and victim, the former is not. *See Grimminger, supra* at 279, *citing* 42 Pa.C.S.A. § 5929, *supra.*

¶ 22 Consequently, we conclude the tort of breach of physician-patient confidentiality can be substantively distinguished from the various theories of tort liability for an invasion of privacy and, therefore, we find these actions can be governed by different statutory periods in accordance with the rationale set forth in *Pro Golf.* We do not believe that the breach of physician-patient confidentiality is merely a "re-labeling" of the tort of invasion of privacy—as these two causes of action have significant differences, irrespective of what theory of invasion of privacy is analyzed. Based on the foregoing and in accordance with prior precedent, we hold that a breach of physician-patient confidentiality is a cognizable cause of action in this Commonwealth. We further hold this cause of action is governed by the two-year statutory period set forth in 42 Pa.C.S.A. § 5524(7), *supra,* not the one-year statutory period that governs causes of action sounding in an invasion of privacy.

¶ 23 Judgment affirmed.