964 A.2d 374

Diana BURGER

v.

**BLAIR MEDICAL ASSOCIATES, INC.
and Natasha Karanjia, D.O.**

**Appeal of Blair Medical Associates, Inc.**

Supreme Court of Pennsylvania.

Argued Sept. 8, 2008.

Decided Feb. 20, 2009.

John Wesley Jordan, IV, Esq., Matis, Baum, Rizza, O'Connor, Pittsburgh, for Blair Medical Associates, Inc. and Natasha Karanjia, D.O., appellants.

Stephen D. Wicks, Esq., Altoona, for Diana Burger, appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and GREENSPAN, JJ.

## *OPINION*

Justice SAYLOR.

We allowed appeal to consider the statute of limitations governing a claim for breach of physician-patient confidentiality.

Appellee Diana Burger received medical treatment from a physician employed by Appellant Blair Medical Associates, Inc. ("BMA") from 1996 until 2001. In October 1999, Appellee sustained a work-related injury. On October 28, 1999, she signed a medical authorization, permitting her employer's worker's compensation consultant to obtain medical records for the purpose of calculating the medical expenses occasioned by the work-related injury. In addition to releasing the record of treatment for Appellee's injury, however, BMA disclosed her unrelated use of marijuana and pain medication without a prescription. As a result of this disclosure, Appellee's employer terminated her employment on November 6, 1999. Appellee commenced an action against, *inter alia*, BMA on October 26, 2001, alleging that BMA breached physician-patient confidentiality by disclosing her illegal drug use.

In its responsive pleadings, BMA asserted that Appellee's breach-of-confidentiality claim was, in essence, an action for invasion of privacy, which was barred by the one year statute of limitations governing such actions. *See* 42 Pa.C.S. § 5523(1) (providing that actions for "libel, slander or invasion of privacy" must be commenced within one year). The trial court rejected this contention, reasoning that a breach of

physician-patient confidentiality is a recognized cause of action in its own right, which is governed by a two-year statute of limitations. *See* 42 Pa.C.S. § 5524(7).[1] The matter proceeded to trial, at which the jury awarded Appellee $60,052.37.

BMA moved for post-trial relief, claiming that the trial court had erred in distinguishing between claims for invasion of privacy and breach of physician-patient confidentiality in selecting the appropriate statute of limitations. The trial court denied BMA's motion, explaining that all of the elements of a breach of physician-patient confidentiality were present in this case with regard to the complained-of disclosures. *See, e.g., Haddad v. Gopal,* 787 A.2d 975, 981 (Pa.Super.2001) (recognizing a cause of action for breach of physician-patient confidentiality in situations where a physician discloses privileged treatment information that is unrelated to any judicial proceedings). In particular, the court observed that, without Appellee's express or implied consent, BMA divulged confidential patient information obtained from Appellee, which would tend to damage Appellee's character and was not related to the stated purpose of the medical authorization: to review medical expenses resulting from Appellee's work-related injury.

The Superior Court affirmed, holding that the torts of invasion of privacy and breach of physician-patient confidentiality are distinct, such that the former is expressly governed by the one-year statute of limitations and the latter falls within the catch-all two-year limitations period. *See Burger v. Blair Med. Assocs., Inc.,* 928 A.2d 246, 251 (Pa.Super.2007). In arriving at this conclusion, the Superior Court rejected BMA's attempt to rely on its prior decision in *Coulter v. Rosenblum,* 452 Pa.Super. 619, 682 A.2d 838 (1996), as well as

1. Under Section 5524 of the Judicial Code, actions that must be commenced within two years include:

   Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter. 42 Pa.C.S. § 5524(7).

this Court's decision in *Pro Golf Manufacturing, Inc. v. Tribune Review Newspaper Co.*, 570 Pa. 242, 809 A.2d 243 (2002). As for *Coulter*, the intermediate appellate court stated that, although the decision indicated that a claim based on breach of confidentiality was governed by the one-year statute of limitations, that language was "molded by the manner in which the controversy was brought before" the court. *See Burger*, 928 A.2d at 248. More specifically, the court emphasized that the plaintiff in *Coulter* had not challenged the dismissal of her breach-of-confidentiality claims, and thus, the only claim remaining before the court was one involving invasion of privacy, to which the one-year statute of limitations facially applied. *See Burger*, 928 A.2d at 248 (citing *Coulter*, 452 Pa.Super. at 621, 682 A.2d at 838–39).[2] As to *Pro Golf*, the Superior Court explained that the only question in that case involved the nature of a claim sounding in commercial disparagement, which this Court characterized as the substantive equivalent of a slander claim, expressly governed by the one-year limitation period provided by Section 5523(1). *See Burger*, 928 A.2d at 248 (citing *Pro Golf*, 570 Pa. at 247, 809 A.2d at 246).

The Superior Court proceeded to reason that it had previously recognized a cause of action for breach of physician-patient confidentiality, *see Grimminger v. Maitra*, 887 A.2d 276, 280 (Pa.Super.2005); *Haddad*, 787 A.2d at 980, and concluded that such a claim is different from an action for invasion of privacy. In this regard, the court referenced the Second Restatement of Torts, which enumerates four theories for invasion of privacy—unreasonable intrusion upon the seclusion of another, *see* RESTATEMENT (SECOND) OF TORTS § 652B, appropriation of the other's name or likeness, *see id.*,

2. This reasoning is not well grounded. Certainly the asserted unavailability of a breach-of-confidentiality claim as such in *Coulter* is a distinguishing factor in the abstract. However, *Coulter* clearly equated a breach of a common law duty of confidentiality with an invasion of privacy and stated in broad terms that "when one's right to privacy is violated as a result of the disclosure of privileged information, the aggrieved party's action is governed by the one year statute of limitations." *See Coulter*, 452 Pa.Super. at 624, 682 A.2d at 840. Such reasoning is of direct relevance here.

§ 652C, unreasonable publicity given to another's private life, *see id.*, § 652D, and publicity that unreasonably places the other in a false light before the public, *see id.*, § 652E—and noted its view that each is distinct from a claim for breach of physician-patient confidentiality. *See Burger*, 928 A.2d at 250–51 (discussing substantive differences between physician-patient confidentiality breaches and each of the four Restatement theories for invasion of privacy). Thus, the Superior Court held that, because a breach of physician-patient confidentiality gives rise to a cause of action that cannot be categorized as an invasion of privacy, it was governed, not by the one-year statute of limitations expressly provided for invasion-of-privacy claims, but by the two-year limitations period of Section 5524(7).

█ On discretionary appeal before this Court, BMA does not challenge the Superior Court's conclusion that a breach of physician-patient confidentiality gives rise to a distinct cause of action. Rather, BMA appears to suggest that, whether or not an independent cause of action exists, a breach-of-confidentiality claim should be placed under the umbrella of privacy claims.[3] In some passages of its brief, BMA appears to be arguing that, where one cause of action is expressly subject to a particular limitations period and another is not, if there are any similarities between the two causes, the latter is encompassed by the specific limitations period. In this respect, BMA suggests that default limitations provisions should be regarded with disfavor.

**3.** With this apparent premise in mind, BMA elaborates on its limited approach to this appeal as follows:

> The Legislature left it to the courts to define when invasions of privacy should be actionable, but mandated that all such actions shall be subject to a one-year statute of limitations. The question of the validity of the restrictions on actions for invasions of privacy posited by the Superior Court are thus irrelevant here. That question raises policy issues that are not necessary to the resolution of this case and would be better addressed in cases in which they are raised directly. This case turns simply on the fact that the Legislature has clearly made any claim that may exi[st] subject to 42 Pa.C.S. § 5532(1).
>
> *See* Brief for Appellant at 7.

BMA relies heavily on *Pro Golf,* in which this Court reasoned that the gravamen of a claim, rather than its label, controls the statute of limitations, *see Pro Golf,* 570 Pa. at 247, 809 A.2d at 246, and *Coulter,* where the Superior Court in effect categorized breach of confidentiality with invasion of privacy. *See Coulter,* 452 Pa.Super. at 625, 682 A.2d at 840. BMA also references *Evans v. Philadelphia Newspapers, Inc.,* 411 Pa.Super. 244, 601 A.2d 330 (1991), in which the Superior Court held that a claim for tortious interference with contract that was based on a defamatory newspaper publication was barred by the one-year limitations period of Section 5523(1). *See id.* at 250, 601 A.2d at 334.

Supplemental to its more general arguments, BMA also attempts to place Appellee's claim squarely within the Restatement definition of invasion of privacy. In this regard, BMA maintains that its disclosure was sufficient to constitute "publicity" under Section 652D of the Restatement (publicity given to private life). BMA observes that an action under Section 652D does not require intentional conduct, *see* RESTATEMENT (SECOND) OF TORTS § 652D, and highlights that the Restatement was not intended to be the final and complete codification of the law on invasion of privacy. *See id.,* cmt. a. ("It remains to be seen whether a disclosure not equivalent to the giving of publicity will be actionable when the obtaining of the information was not tortious in character."). BMA relies upon *McGuire v. Shubert,* 722 A.2d 1087 (Pa.Super.1998), in which the Superior Court held that a bank employee's disclosure of a depositor's financial information to an attorney for the depositor's adversary in an equity case was actionable as an invasion of privacy. *See id.* at 1092. Further, BMA argues that there could be no legislative purpose in making the statute of limitations for the disclosure of private information dependent upon the number of persons to whom it is disclosed.

Appellee agrees with BMA that Section 652D is closest of all options under the Restatement, since "intrusion upon seclusion" is not implicated where, as here, the defendant had legitimately obtained the information. *See generally Harris*

by *Harris v. Easton Publ'g Co.*, 335 Pa.Super. 141, 152, 483 A.2d 1377, 1383 (1984). However, Appellee argues that BMA's reliance upon *McGuire* to support the contention that the disclosure constituted sufficient "publicity" is misplaced, because that case was analyzed under the "intrusion upon seclusion" theory. *See McGuire*, 722 A.2d at 1092. Further, Appellee observes that in *Harris*, the Superior Court held:

> The element of "publicity" requires that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. Disclosure of information to only one person is insufficient.

*Id.* at 154, 483 A.2d at 1384 (internal citations omitted). Appellee avers that the information regarding her drug use was given only to her employer, and thus, the disclosure would not satisfy the requirement that the private matter be "substantially certain to become one of public knowledge." Since her claim does not meet the requirements for an invasion-of-privacy claim, but comprises a distinct cause of action for breach of patient-physician confidentiality, Appellee maintains it is subject to the two-year statute of limitations.

The issue of which limitations period applies to a particular cause of action is a question of law. *See Pantuso Motors, Inc. v. Corestates Bank N.A.*, 568 Pa. 601, 607, 798 A.2d 1277, 1281 (2002). As such, we exercise *de novo* review which is plenary in scope. *See Schwartz v. Rockey*, 593 Pa. 536, 546, 932 A.2d 885, 891 (2007).

As Appellee emphasizes, under prevailing Pennsylvania law, a breach of physician-patient confidentiality gives rise to a distinct cause of action. *See Haddad*, 787 A.2d at 980; *Grimminger v. Maitra*, 887 A.2d 276, 280 (Pa.Super.2005). Since BMA makes no policy arguments challenging the current law but, rather, contends that it is not necessary under these circumstances for us to address it, *see* Brief for Appellant at 7, 14, we will refrain from making any determination regarding the matter of a separate cause of action unless and until an appropriate challenge comes before this Court upon developed advocacy.

The central focus of this case, then, is whether Appellee's breach-of-confidentiality claim, as authorized by prevailing law, embodies the general traits of an invasion-of-privacy action such that it falls under the one-year limitations period of Section 5523(1). In *Pro Golf*, we held that a claim of commercial disparagement so resembled a defamation claim that it would be governed by Section 5523(1), rejecting the Superior Court's distinction based on the separate interests to be protected and different burdens of proof required. *See Pro Golf*, 570 Pa. at 247–48, 809 A.2d at 246–47. We accepted that a libel claim primarily involves damage to reputation, while in an action for invasion of privacy, the central harm to be redressed is mental suffering due to public exposure. However, we also noted that injury to reputation could be included in the damage assessment for a right of privacy case. *See id.* at 247–48, 809 A.2d at 247. Further, this Court explained that, just as a plaintiff alleging commercial disparagement must prove special damages, a plaintiff claiming slander must demonstrate special damages unless the statement in question constitutes slander *per se*. *See id.* at 248, 809 A.2d at 247.[4] In the instant matter, however, we find that, although similar, the elements of an action for breach of physician-patient confidentiality do not sufficiently overlap with those of an invasion-of-privacy claim for the purposes of Section 5523(1).

As discussed above and in the Superior Court's opinion, the Second Restatement of Torts enumerates four theories that would constitute invasion of privacy, two of which the parties address in this case: unreasonable intrusion upon the seclusion of another and unreasonable publicity given to another's private life. See RESTATEMENT (SECOND) OF TORTS §§ 652 A–D (1977).[5] Section 652B describes the tort of "intrusion upon seclusion" as follows:

4. Although *Pro Golf* alternates between a discussion of libel and slander, the point of the opinion was to analogize both with commercial disparagement.

5. In *Vogel v. W.T. Grant Co.*, 458 Pa. 124, 327 A.2d 133 (1974), this Court noted its approval of the tentative draft of the Second Restatement of Torts. *See id.* at 130, 327 A.2d at 136. In regard to the two invasion-of-privacy theories potentially relevant to the present case, the

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Id.*, 652B. Section 652D describes the tort of publicity given to private life as follows:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

*Id.*, § 652D.

While we recognize that some elements of the aforementioned theories of invasion of privacy are present in this case, neither theory sufficiently comports with the circumstances underlying this action to render Appellee's claim time-barred under the one-year limitations period of Section 5523(1). As to Section 652B, the unauthorized disclosure of Appellee's drug use might be regarded as highly offensive to a reasonable person and, here, it ultimately cost Appellee her job. However, since BMA legitimately obtained this information as part of Appellee's treatment, the theory of "intrusion upon seclusion," which requires an intentional and unwarranted acquisition by the defendant, *see* RESTATEMENT (SECOND) OF TORTS § 652B, is inapplicable. Addressing Section 652D, the disclosure does not constitute "publicity" because it was divulged only to Appellee's employer and, thus, was not substantially certain to become public knowledge. *See Vogel*, 458 Pa. at 132, 327 A.2d at 137 (holding that the defendant had not

only substantive difference between the tentative draft and the version subsequently adopted by the American Law Institute is that, in defining "publicity given to private life," the final version includes the requirement that the information disclosed not be of legitimate concern to the public, *see* RESTATEMENT (SECOND) OF TORTS § 652D(b), whereas the draft did not include that requirement, *see* RESTATEMENT (SECOND) OF TORTS § 652D (Tent. Draft No. 13, 1967). This difference is not dispositive in the present matter because, as discussed infra, the private information at issue here was not publicized.

given "publicity" to the plaintiff's private affairs where the defendant had disclosed it to the plaintiff's employer and three of the plaintiff's relatives).[6]

In contrast, as the trial court noted, all of the elements of a breach-of-confidentiality claim are present and are sufficiently distinguishable from an invasion-of-privacy cause. The duty on a health care facility's part to maintain the confidentiality of medical records arises out of the confidential nature of the relationship and the personal nature of the information which must be disclosed in the ordinary course of the medical treatment. *See In re June 1979 Allegheny County Investigating Grand Jury*, 490 Pa. 143, 149, 415 A.2d 73, 76 (Pa.1980); *accord MacDonald v. Clinger*, 84 A.D.2d 482, 446 N.Y.S.2d 801, 805 (N.Y.App.Div.1982) (holding that a health care provider's duty to refrain from unauthorized disclosures of treatment information is an implicit and essential component of the physician-patient relationship). The harm arising from a breach entails not only the mental suffering due to exposure of private information, but also subsumes an erosion of an essential, confidential relationship between the health care services provider and the patient. Notably, the primary allegation of Appellee's complaint was that BMA's disclosures "constituted a breach of a confidential relationship arising from the physician-patient relationship that existed between the parties,"

6. Other state courts have held that the publicity element of the tort of public disclosure of private facts may be satisfied where the information is released to a small number of persons who have a special relationship with the plaintiff, including fellow employees or family members. *See, e.g., Doe v. Methodist Hospital*, 690 N.E.2d 681, 693 (Ind.1997) (holding that, in order for a minimal disclosure to qualify as "publicity," the person or persons to whom the information was disclosed "must have a special relationship with the plaintiff such that the disclosure would be particularly damaging."); *Miller v. Motorola, Inc.*, 202 Ill.App.3d 976, 148 Ill.Dec. 303, 560 N.E.2d 900, 903 (1990) ("[W]here a special relationship exists ... the disclosure may be just as devastating to the person even though the disclosure was made to a limited number of people."); *Johnson v. K Mart Corp.*, 311 Ill.App.3d 573, 243 Ill.Dec. 591, 723 N.E.2d 1192, 1197 (2000) (extending the special relationship exception to include disclosures to employers). As previously indicated, however, under prevailing Pennsylvania law, such disclosures to a small number of persons do not constitute publicity. *See Vogel*, 458 Pa. at 132, 327 A.2d at 137.

Complaint, R.R. at 8a, an element not required under the tort of invasion of privacy.

As to *Coulter*, there, the plaintiff, who was in the midst of a custody dispute with her ex-husband, retained the services of the defendant psychologist for an evaluation of her relationship with her minor son. In response to requests from the plaintiff's ex-husband's counsel, and without the plaintiff's consent, the defendant sent correspondence detailing the information revealed during the therapy sessions. The Superior Court found that, although such unauthorized disclosure of privileged information contravened the duty of confidentiality reflected in a statute forbidding a licensed psychologist from testifying, without the patient's consent, concerning information gathered during therapy sessions, *see* 42 Pa.C.S. § 5944,[7] such enactment did not expressly create a private cause of action in favor of the patient stemming from any breach of the duty. Further, the Superior Court determined that any injury to the patient would have to be redressed via an action claiming invasion of privacy, to which the one-year limitations period applies. *See Coulter*, 452 Pa.Super. at 625, 682 A.2d at 840.

Perhaps *Coulter's* approach was shaped in light of the arguments presented to the Superior Court by the litigants, but, as a matter of logic, the court's finding that a statutory cause of action for breach of confidentiality was absent does not foreclose the possibility of a common-law cause. Nevertheless, the Superior Court did not discuss the possibility of the latter and/or compare such a claim with invasion of privacy. Without such consideration, the Superior Court's

---

7. Pennsylvania's psychologist-patient testimonial privilege statute reads as follows:

No psychiatrist or person who has been licensed ... to practice psychology shall be, without the written consent of his client, examined in any civil or criminal matter as to any information acquired in the course of his professional services in behalf of such client. The confidential relations and communications between a psychologist or psychiatrist and his client shall be on the same basis as those provided or prescribed by law between an attorney and client.

42 Pa.C.S. § 5944. An analogous statute applies to physicians. *See* 42 Pa.C.S. § 5929.

broadly stated position that breach-of-confidentiality claims are subject to the one-year limitations period (and implicitly amount to invasion-of-privacy claims) was unsupported. Moreover, to the extent the broader rubric from *Coulter* forecloses the application of the two-year limitations period to viable breach-of-confidentiality actions, it conflicts with our present decision and is disapproved.

In addition, we find that *Evans* is distinguishable from the circumstances presented here. *Evans* held that a claim based on a defamatory newspaper report constituted an action for libel, rather than tortious interference with contract. *See Evans*, 411 Pa.Super. 244. n. 2, 601 A.2d at 333 n. 2. In *Evans*, similar to *Pro Golf*, the court looked to the gravamen of the complaint, finding that the tortious interference alleged stemmed from an asserted act of defamation. *See Evans*, 411 Pa.Super. at 249, 601 A.2d at 333. The court also expressed concern that litigants should not be permitted to circumvent a statutory limitations period by simply redesignating defamation as disparagement or tortious interference. *See id.* at 250, 601 A.2d at 334. In the present case, although again we recognize there is overlap, neither of the torts of invasion of privacy nor breach of confidentiality is entirely subsumed within the other. Moreover, the greater independence of the causes of action, under prevailing law, lessens the possibility of mere artful pleading.[8]

Accordingly, we hold that a breach of physician-patient confidentiality is governed by Section 5524(7)'s two-year, default limitations period.

The order of the Superior Court is affirmed.

Chief Justice CASTILLE, Justices EAKIN, BAER, TODD, McCAFFERY and Justice GREENSPAN join the opinion.

8. We also credit Appellee's argument, as discussed above, distinguishing the *McGuire* and *Harris* decisions.