J-A12044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DAWN HAHN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CYNTHIA LOCH, L.P.N., LEHIGH VALLEY FAMILY PRACTICE ASSOCIATES, LLC AND LEROY HAHN, | |
| Appellee | No. 2984 EDA 2014 |

Appeal from the Order Entered September 25, 2014
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C-48-CV-2011-0212

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JULY 13, 2016**

Dawn Hahn ("Appellant") files this appeal from the order of the Court of Common Pleas of Northampton County after the trial court granted summary judgment in favor of Appellee Cynthia Loch, L.P.N. ("Loch") and had previously granted judgment on the pleadings in favor of Appellee Lehigh Valley Family Practice Associates, LLC ("LVFPA").  We affirm in part and reverse in part for reasons set forth in this memorandum.

We summarize the facts relevant to the instant action as follows. Between February 28, 2010 and May 24, 2010, Appellant sought medical treatment at the Lehigh Valley Hospital for reasons that Appellant has not disclosed in any court filings.  At this time, Appellant was in the midst of divorce proceedings with her husband, Appellee Leroy Hahn.  At some point

_____
*Former Justice specially assigned to the Superior Court.

after May 24, 2010, Leroy Hahn contacted Loch, who was employed at LVFPA as a nurse in order to inquire about his wife's medical records. Although Appellant was never a patient at LVFPA, Loch accessed Appellant's medical records from Lehigh Valley Hospital using LVFPA's access codes and computer system. Loch provided Leroy Hahn with a copy of Appellant's medical records, claiming she believed Leroy Hahn was entitled to the documents as Appellant's spouse.

Appellant filed this action against Loch, LVFPA, and Leroy Hahn for the improper disclosure of her medical records. Her complaint consists of five separate counts that blend various theories and causes of action, including negligence and invasion of her right to privacy allegedly derived from our federal and state constitutions, various state statutes, and common law. Appellant's complaint did not detail the nature of her medical treatment, but she claimed that Leroy Hahn's invasion of her privacy and subsequent publication of the private information to family members caused her "mental suffering, anxiety, anguish, distress, stress, sleeplessness, humiliation, loss of familial relations, and loss of reputation." Complaint at 8-9.

After the parties filed responsive pleadings, LVFPA filed a motion for judgment on the pleadings on May 26, 2011. Judge Stephen Baratta granted the motion and dismissed all of Appellant's claims against LVFPA on November 14, 2011. In support of his decision, Judge Baratta found Appellant had not properly pled or developed with proper authority or analysis her claims of negligence and intentional tort against LVFPA through

vicarious liability. Further, with respect to Appellant's various claims of invasion of privacy, Judge Baratta determined Appellant did not establish any right to recovery under the federal or state constitutions,[1] had no standing to bring claims under the statutes Appellant cited,[2] and failed to show the publicity element of her common law invasion of privacy claim as Appellant's medical records were not communicated to the public at large.

On May 20, 2013, Leroy Hahn filed a Chapter 7 bankruptcy petition. The following day, Leroy Hahn's bankruptcy counsel filed a suggestion of bankruptcy indicating that he had filed a petition for relief under Title 11 of the United States Code and asked that the action be discontinued against

_____

[1] Judge Baratta noted that Appellant could not bring an invasion of privacy claim against a private actor under the United States or Pennsylvania Constitutions, which protect individuals from governmental intrusion.

[2] Other than claiming she was protected by a statutory right to privacy, Appellant did not specifically cite to any statute in her complaint. In her trial court brief, Appellant cited to 42 Pa.C.S. § 5929 and 50 P.S. § 7111. The trial court found the physician-patient confidentiality privilege set forth in 5929 and the confidentiality rules with respect to mental health treatment set forth in Section 7111 were not applicable as Appellant was never a patient of LVFPA. In addition, the trial court noted Appellant did not rely on the Health Information Portability and Accountability Act (HIPAA), which provides penalties for improper disclosure of medical records. Nevertheless, several courts have held that HIPAA does not create a private action, but its enforcement lies within the exclusive province of the Secretary of Health and Human Services. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006); *Jackson v. Mercy Behavioral Health*, 2015 WL 401645, at 3 (W.D.Pa. Jan. 28, 2015).

him by operation of 11 U.S.C. §§ 524, 727. There is no indication that Appellant lodged any objections before the bankruptcy court.

After settlement negotiations between the remaining parties (Appellant and Loch) were unsuccessful, the instant case was submitted to arbitration. On June 12, 2014, a panel of arbitrators found in favor of Loch. Appellant appealed from the arbitration.

On August 25, 2014, Loch filed a motion for summary judgment. On September 25, 2014, the Honorable Michael J. Koury entered an order granting summary judgment in favor of Loch, noting Appellant had not shown entitlement to relief on her invasion of privacy claims for the reasons set forth in Judge Baratta's opinion filed on November 14, 2011. Citing the law of the case doctrine,[3] Judge Koury found he was bound by Judge Baratta's determination that, as a matter of law, Appellant could not sustain her common law claim for invasion of privacy.

This timely appeal followed. On November 6, 2014, Leroy Hahn's counsel forwarded his previously filed Suggestion of Bankruptcy to this Court and indicated that Leroy Hahn would not be participating in this appeal. On November 14, 2014, this Court entered a stay of the appeal in accordance

_____

[3] The trial court cited to **Commonwealth v. Starr**, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995), in which our Supreme Court explained that the law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in the earlier phases of the matter."

with the automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362.[4] This Court directed the parties to provide notification of the status of Leroy Hahn's bankruptcy proceedings. On September 1, 2015, Appellant filed a motion indicating that Leroy Hahn's debts had been discharged by the U.S. Bankruptcy Court on September 9, 2013. *See In re: Leroy E. Hahn, Jr.*, No. 13-14479-ref (Bankr. E.D.Pa. Sept. 9, 2013). This Court vacated the stay and set the parties' briefing schedule.

As an initial matter, we must determine whether Appellant appealed from a final order that "disposes of all claims and all parties." *See* Pa.R.A.P. 341(b)(1). Appellant appealed the September 24, 2014 order granting summary judgment in favor of Loch. The trial court previously dismissed all claims against LVFPA by granting its respective motion for judgment on the

---

[4] The automatic stay provision provides in relevant part:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> > **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title …

11 U.S.C. § 362(a)(1).

pleadings on November 14, 2011. Appellant's claims against Leroy Hahn were resolved by his bankruptcy discharge on September 9, 2013. The provision of the Bankruptcy Code pertaining to discharge provides that:

> Except as provided in § 523 of this title, a discharge under subsection(a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under § 502 of this title as if such claim has arisen before the commencement of the case, whether or not a proof of claim based on any debt or liability is filed under § 501 of this title and whether or not a claim based on any such debt or liability is allowed under § 502 of this title.

11 U.S.C. § 727(b). As such, the trial court order entered on September 24, 2014 was a final, appealable order that disposed of all claims and all parties.

Appellant raises the following three questions for our review in her Statement of Questions Involved in her appellate brief:

I.    Whether or not a motion for judgment on the pleadings admitted the fact that the doctor's employee released confidential medical records to a third party, and further that the doctor's office failed to train the nurse, and failed to monitor the nurse and used an obsolete access system facilitating the breach by the doctor's nurse?

II.   Whether or not the trial court misapplied [*Burger v. Blair Medical Associates*, 928 A.2d 246 (Pa. Super. 2007), *affirmed*, 600 Pa. 194, 964 A.2d 374 (2009)] in granting the motion for judgment on the pleadings?

III.  Whether or not the trial court misapplied the law of the case where Judge Baratta wrote almost two identical opinions on improper release of medical records and was already reversed in [*Bryant v. Easton Hospital*, 702 EDA 2012 (Pa. Super. 2012) (unpublished memorandum)]?

Appellant's Brief, at 4.

- 6 -

When reviewing the trial court's disposition of a motion for judgment on the pleadings, this Court employs the following standard:

> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. In other words, a motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa.Super. 2007) (internal citations omitted; formatting and punctuation modified). Further, it is well settled that if the court's decision is correct, we may affirm on any ground. *See*, *e.g.*, *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1286 (Pa.Super. 2013).

*Wakeley v. M.J. Brunner, Inc.*, ---A.3d---, 2016 PA Super 88 (Pa. Super. Apr. 19, 2016).

Our standard of review of a trial court's decision to grant summary judgment is as follows:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

> Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Loughman v. Equitable Gas Co., LLC*, 134 A.3d 470, 472-73 (Pa.Super. 2016) (quoting *Szymanowski v. Brace*, 987 A.2d 717, 721–22 (Pa.Super. 2009) (citations omitted)).

We begin by noting our agreement with the trial court's observation that Appellant's complaint in this matter is "not a particularly well plead [c]omplaint" as Appellant asserted "hybrid or blended causes of action… asserting intentional torts, general negligence, negligence *per se*, joint and several liability, and vicarious liability." T.C.O. 11/14/11, at 6. We also find Appellant's appellate brief presents a disjointed argument as Appellant includes several unrelated theories and claims in each section without supporting law and analysis.

As Appellant's brief fails to comply with several aspects of our Rules of Appellate Procedure, her advocacy hinders our effective review of the questions presented. Appellant's argument section contains three sections that for the most part, do not correspond to the questions presented. *See* Pa.R.A.P. 2116(a) (requiring that each assignment of error contained in the Argument be mentioned in the Statement of Questions Involved); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued ...."). Thus, we will address those aspects of the

argument that clearly pertain to each question as stated, and decline to reach other aspects of Appellant's argument for failure to include these in the Statement of the Questions Involved. *See* Pa.R.A.P. 2116(a) ("This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.").

In her first claim on appeal, Appellant asserts that in evaluating LVFPA's motion for judgment on the pleadings, the trial court should have admitted as fact that the "doctor's employee released confidential medical records to a third party, and further that the doctor's office failed to train the nurse, and failed to monitor the nurse and used an obsolete access system facilitating the breach by the doctor's nurse." Appellant's Brief, at 18. Apparently referring to LVFPA as "the doctor," Appellant's first issue essentially attempts to consolidate her challenges to the trial court's decision to dismiss Appellant's various claims against LVFPA into one argument.

To the extent that Appellant is arguing that she adequately set forth a claim that LVPFA was vicariously liable for Loch's alleged intentional tort for invasion of privacy against LVPFA, the trial court correctly found Appellant failed to show she was entitled to recover damages from LVPFA under a theory of *respondeat superior*. That doctrine provides as follows:

> A master is liable for the acts of his servant [that] are committed during the course of and within the scope of the servant's employment. Restatement (Second) of Agency § 219. This liability of the employer may extend even to intentional or criminal acts committed by the servant. Restatement (Second)

of Agency § 231. Whether a person acted within the scope of employment is ordinarily a question for the jury.

***

The Restatement (Second) of Agency § 228 defines conduct within the scope of employment as follows: "(1) Conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master [;] and (d) if force is intentionally used by the servant against another, the use of the force is not unexpectable by the master. (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

*Spitsin v. WGM Transp., Inc.*, 97 A.3d 774, 776 (Pa. Super. 2014) (quoting *Fitzgerald v. McCutcheon*, 410 A.2d 1270, 1271–72 (Pa. Super. 1979). Upon reviewing Appellant's complaint, we agree that Appellant failed to plead the facts necessary to make out a claim against LVFPA based on derivative liability.

To the extent that Appellant is arguing that she adequately set forth a cause of action for negligent supervision, the trial court similarly did not err in dismissing this claim. To support a negligent supervision claim under Pennsylvania law, a plaintiff must show that his loss resulted from: "(1) a failure to exercise ordinary care to prevent an intentional harm by an employee acting outside the scope of his employment; (2) that is committed on the employer's premises; (3) when the employer knows or has reason to know of the necessity and ability to control the employee." *Belmont v. MB Inv. Partners*, 708 F.3d 470, 487–88 (3rd Cir. 2013) (citing *Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562, 565, 246 A.2d 418, 420 (1968)).

- 10 -

Likewise, Appellant's poorly pled complaint does not set forth sufficient facts to support a claim of negligent supervision against LVFPA.

In her second issue presented on appeal, Appellant claims the trial court misapplied this Court's precedent in **Burger**. However, nowhere in the argument section of her brief does Appellant even mention **Burger** again let alone explain the facts of that case or why its holding is applicable to this case. Appellant's failure to develop this claim hinders our ability to review the argument on appeal. "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him." **Banfield v. Cortes**, 110 A.3d 155, 176 n.11 (Pa. 2015) (citation omitted). As a result, we find this issue waived.

Lastly, Appellant contends that Judge Koury erred in granting Loch summary judgment on Appellant's common law invasion of privacy claim. As noted above, Judge Koury adopted the rationale of Judge Baratta who granted LVFPA's motion for judgment on the pleadings, in which Judge Baratta found Appellant failed to plead an essential element of her claim: the extent of the publication of private information.

We noted that this Court has provided that an action for invasion of privacy is "actually comprised of four analytically distinct torts: (1) intrusion upon seclusion, (2) appropriation of name or likeness, (3) publicity given to private life and (4) publicity placing the person in a false light." **Krajewski**

- 11 -

***v. Gusoff***, 53 A.3d 793, 805 (Pa.Super. 2012). Judge Baratta assumed Appellant raised an claim under the "publicity given to private life" tort described by Section 652(E) of the Restatement (Second) of Torts (hereinafter "Restatement") which provides as follows:

> One who *gives publicity to a matte*r concerning the private life of another is subject to liability to the other for invasion of privacy, if the *matter publicized* is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

Restatement (2d) of Torts § 652(D) (emphasis added). The trial court then noted that the comment section of the Restatement clarifies that the publicity element requires that the private information be "made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Comment a, Restatement (2d) of Torts § 652(D).

However, the trial court failed to recognize that Appellant's invasion of privacy claim can be characterized as an action for intrusion on seclusion as described by Section 652(B) of the Restatement, which provides as follows:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Restatement (2d) of Torts § 652(B) (emphasis added). The comment to Section 652(B) states that "[t]he form of invasion of privacy covered by this Section does not depend upon any publicity given to the person whose interest is invaded or to his affairs." Comment a, Restatement (2d) of Torts

§ 652(D). As a result, the trial court erred in considering the extent of the publication of the asserted private information as a relevant factor in dismissing Appellant's invasion of privacy claim against Loch.

Accordingly, we affirm the trial court's decision to grant LVFPA's motion for judgment on the pleadings, but must reverse in part the trial court's order granting summary judgment to Loch as it relates to Appellant's common law invasion of privacy claim in Count I of the Complaint. We remand this case for proceedings consistent with this Memorandum.

Order reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016